### In the Matter of Bruce HODGE.

### No. 96–271–M.P.

Supreme Court of Rhode Island.

June 3, 1996.

David Curtin, Chief Disciplinary Counsel, for Petitioner.

### OPINION

PER CURIAM.

The respondent-attorney, Bruce Hodge, is before the Supreme Court pursuant to a Decision and Recommendation of the Disciplinary Board of the Supreme Court of the State of Rhode Island (board) that he be suspended from the practice of law. Rule 6(d) of article III of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

"If the [Disciplinary] Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

The facts giving rise to this recommendation, as determined by the board after an evidentiary hearing, are as follows. On or about July 1, 1991, the respondent assumed the representation of a number of clients whose previous attorney voluntarily ceased to engage in the private practice of law. Among those clients were nine individuals who had obtained the services of the first attorney to represent their interests in pursuing personal injury claims. Each of these individuals had received medical treatment for their injuries from the same physician. The clients had executed valid medical liens securing payment of medical bills owed to the treating physician upon settlement of each of the individual cases. A copy of these medical liens was placed in each client's file and was provided to respondent when he assumed the representation of these clients.

The respondent settled three of the personal injury claims in September of 1991, four of the claims in October of 1991, one of the claims in April of 1992, and the final claim in February of 1993. Upon the settlement of each client's case, respondent promptly paid each client that portion of the settlement proceeds to which he or she was entitled. He also withheld from the settle-

ment proceeds of each case sufficient sums to pay the medical bills that were secured by the liens. However, in each case he did not notify the treating physician that the claims had been settled, nor did he forward any money to the physician. The total amount of money withheld from the settlements by respondent and due and owed to the treating physician was $7,180.50. The respondent did not retain those funds in an account separate and apart from his own money, and he admitted that he converted those funds to his own use.

In July of 1993, well after the last of the above-noted claims was settled, respondent was contacted by the physician's office about payment of the medical liens. On July 21, 1993, respondent agreed to pay the physician the funds due him and remitted approximately one-third of the funds due and owed to the physician. In the fall of 1993 the physician filed a complaint with the office of the disciplinary counsel regarding the nonpayment of the remainder of the funds secured by the medical liens. In December of 1993, after being notified of the filing of the disciplinary complaint of the treating physician, respondent remitted the remaining funds to which the physician was entitled.

It was the finding of the board that the conduct of respondent, as described above, was in violation of Rules 1.15(a), 1.15(b) and 8.4(c) of article V of the Supreme Court Rules of Professional Conduct. We agree. Rule 1.15(a) provides, in pertinent part, "A lawyer shall hold property of clients or third persons that is in a lawyer's possession * * * separate from the lawyer's own property." When respondent came into possession of funds in which the treating physician had an interest secured by a medical lien, and he withheld those funds from the client for the express purpose of honoring that lien, respondent was required to hold those funds with the care required of a professional fiduciary. By failing to maintain those funds in a separate account, and by converting those funds to his own use, respondent violated his professional obligation to safeguard the funds rightfully belonging to the physician.

Rule 1.15(b) provides:

"Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive."

The facts in this case are that respondent failed to provide any notification to the physician, a third person having an interest in the funds that respondent had in his possession, that the funds had been received. The physician was first notified that respondent had received those funds when his office initiated contact with respondent. Moreover, the rule requires that an attorney must promptly deliver those funds to the third person. Here, a delay of almost two years occurred between settlement of several of the client cases and the first distribution of any of those funds to the physician.

The respondent's conduct was also in violation of Rule 8.4(c), which provides, "It is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation." His conversion of funds that he had retained from his clients' settlement proceeds and his failure to make payment of any of those funds until demand was made upon him constitute fraud and dishonesty as contemplated by this rule.

It was the recommendation of the board that the respondent be suspended from the practice of law for one year for his violation of these rules. After our review of the record in this case, the Court is of the opinion that the board's conclusion in regard to violations of the rules is amply supported. We have considered all the evidence before this Court, including the respondent's lack of any prior discipline, but we conclude that a lesser sanction would not adequately serve to protect the public and maintain the integrity of the profession. We; therefore, accept the board's recommendation.

Accordingly, we order that the respondent be suspended from the practice of law for a total of one year, said period of suspension to commence thirty days from the date of this opinion. In order to protect the interests of his current clients, the respondent shall file

with the clerk of this Court either a list of all active clients or a statement by an attorney or attorneys who will assume responsibility to protect those clients' interests.

WEISBERGER, C.J., and MURRAY, LEDERBERG, BOUCIER and FLANDERS, concur.