**In the Matter of Albert B. WATT.**

**No. 97–501–M.P.**

Supreme Court of Rhode Island.

Oct. 14, 1997.

David Curtin, Chief Disciplinary Counsel, for Plaintiff.

Albert B. Watt, Cranston, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This matter is before the court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Albert B. Watt, Jr., be suspended from the practice of law. Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure provides in part: "If the [Disciplinary] Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

The undisputed facts that led to the initiation of these proceedings are as follows. The respondent is engaged in the general practice of law. During the course of his practice he has represented a number of individuals who have had claims for personal injuries resulting from automobile accidents. During the years 1993 through 1995 respondent settled ten personal injury claims wherein he withheld client funds from the settlement proceeds for payment of medical bills incurred by the clients, failed to deliver those funds promptly to the appropriate health-care providers, and used those funds to pay personal expenses. The record further reveals that respondent had repaid some of those funds prior to the commencement of a disciplinary investigation and had repaid all those funds at the time of the hearing conducted before the board. None of respondent's clients incurred any financial harm as a result of his conduct.

In mitigation the board noted that respondent has practiced law in this jurisdiction for forty-five years with an unblemished record. He was sincerely remorseful for his misconduct and embarrassed by the events that had occurred. He had even borrowed funds from his family to pay the health-care providers.

However, the board rightfully concluded that the factors mitigating respondent's conduct do not constitute a sufficient excuse to justify his misbehavior. Accordingly the board determined that respondent had violated Article V, Rules 1.3, 1.15, 1.16, and 8.4(c)

of the Supreme Court Rules of Professional Conduct. We agree.

Rule 1.3 requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The record reveals periods of inexcusable delay, in one instance in excess of three years, between receipt of client funds and payment from those funds of medical bills incurred by the clients. Even though no client was actually harmed by that delay, it is indisputable that those clients remained at risk for claims that the medical providers were entitled to assert.

The board further determined that respondent had violated his fiduciary duties to safeguard client funds. Rule 1.15(a) requires an attorney to segregate funds of clients or third parties in a separate client account. The respondent commingled client funds with personal funds and expended those funds for his own use. Rule 1.15(b) requires prompt delivery of funds in a lawyer's possession to those parties entitled to receive those funds. The respondent failed to abide by this obligation when he withheld those funds for inordinate periods of time with no justifiable excuse.

■ This court has adopted strict record-keeping requirements to ensure that attorneys maintain their fidelity to the highest ethical standards when holding the funds or the property of clients or third parties. Rule 1.16(c) requires that all withdrawals of funds from client or other special accounts must be made either by check or by bank transfer and must be made payable to a named payee and not to cash. The purpose of this rule is to enable disciplinary authorities to conduct thorough investigations of attorneys' financial dealings with client funds in connection with disciplinary complaints. The respondent admitted, and the board so found, that respondent had withdrawn funds from his client account via automated-teller-machine (ATM) withdrawals. Such withdrawals are impermissible under our rules.

The board further determined that respondent's conversion of client funds for personal use constituted a violation of Rule 8.4(c) as well. Rule 8.4(c) provides that "[i]t is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation." We have consistently held that conversion of client funds is dishonest conduct as prohibited by this rule. *In the Matter of Hodge,* 676 A.2d 1362, 1363 (R.I.1996); *In the Matter of Krause,* 676 A.2d 1340, 1342 (R.I.1996).

■ It was the recommendation of the board that the respondent be suspended from the practice of law for a period of one year. Our review of·the record has determined that the findings of the board are supported by clear and convincing evidence. In·determining the appropriate sanction to impose, we are mindful that the purpose of professional discipline is not punishment of the attorney, rather it is to protect the public and to maintain the integrity of the profession. *In the Matter of Scott,* 694 A.2d 732, 736 (R.I.1997). We believe that the sanction recommended by the board serves those dual purposes.

Therefore, we order that the respondent be suspended from the practice of law for a period of one year, said period of suspension to commence sixty days from the date of this opinion. In order to protect the interests of his current clients, the respondent shall file with the clerk of this court either a list of all active clients or a statement by an attorney or attorneys who will assume responsibility to protect those clients' interests.