In the Matter of Harold E. KRAUSE.

No. 99–368–M.P.

Supreme Court of Rhode Island.

Sept. 21, 1999.

David Curtain, Chief Disciplinary Counsel, for petitioner.

Harold E. Krause for respondent.

Present LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

This matter is before the Court on a recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Harold E. Krause, be disbarred from the practice of law. The respondent was previously suspended from the practice of law in 1996 by an order of this Court and has not practiced law nor sought reinstatement since that order. *See In the Matter of Krause*, 676 A.2d 1340 (R.I.1996).

The facts giving rise to the instant recommendation of the board relate to ten disciplinary complaints filed against respondent after his suspension from the practice of law. Formal petitions for disciplinary action were duly served on respondent in each of the disciplinary complaints. The respondent did not file a responsive pleading to any of the disciplinary charges levied by the board. Accordingly, pursuant to Section 3, Rule 3.18(d) of the Rules of Procedure of the Disciplinary Board of the Supreme Court, all of the charges were deemed admitted.

The ten disciplinary complaints were consolidated for hearing before a retired judge of the Family Court, in accordance with Article III, Rule 4(c) of the Supreme Court Rules of Disciplinary Procedure.[1] The respondent was served with a notice of the hearing and did not appear to contest the charges against him. The hearing judge recommended the sanction of disbarment, a recommendation duly approved by the board and submitted to this Court. Pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure, it is the duty of this Court to review the record of the disciplinary proceedings and enter an appropriate order.

Upon receipt of the board's recommendation, respondent was ordered to appear before the Court to show cause why he should not be disciplined in accordance with the board's recommendation. He appeared before the Court and claimed that he should not be disciplined as he alleged, *inter alia*, that he believed that the disciplinary hearing had been postponed so that his attorney could prepare an affidavit in consent of disbarment; that he had been prejudiced due to the consolidation of the ten complaints into one hearing; that his due process rights were violated because deputy disciplinary counsel had purportedly advised him that he could submit his answer to the pending charges "at his convenience"; and that the disciplinary hearing was scheduled before he was allowed to file his answer. Our review of the record and affidavits submitted by the chief and deputy disciplinary counsels reveal that each of these allegations is devoid of merit. The respondent was not represented by counsel during these proceedings; he was not prejudiced by the consolidation of ten complaints deemed admitted by rule; there was no agreement that he could submit his answer to the formal charges whenever he found it convenient

1. Article III, Rule 4(c) of the Supreme Court Rules of Disciplinary Procedure authorizes a retired judge or justice of the Supreme, Superior, Family, District or Workers' Compensation Courts to preside over formal disciplinary hearings.

to do so; and he failed to submit an answer to the formal charges or request an extension of time in which to do so. His claims to the contrary border on the spurious. Therefore, we conclude that cause has not been shown, and we proceed to address the merits of the charges.

It is not necessary for the disposition of this disciplinary case to address each factual allegation in the individual petitions. A brief summary of that misconduct is sufficient to demonstrate that the recommendation of the board is amply supported by the record. The respondent has engaged in a broad pattern of misconduct that is in violation of a number of the Supreme Court Rules of Professional Conduct. We will summarize the disciplinary complaints in the order presented by the board.

 The most serious of respondent's transgressions was his misappropriation of client funds entrusted to his care. In one instance he was appointed as guardian of the estate of Helen M. Speedwell by the Probate Court of Newport. From the ward's funds he withdrew, without court permission, $25,000 as fees. On a subsequent fee application the court awarded him less than this sum and directed him to reimburse the estate $10,350 as excess fees. The respondent did not comply with the order of the Probate Court. This misconduct constitutes a conversion of funds in violation of Article V, Rule 8.4(c) of the Supreme Court Rules of Professional Conduct.[2] Moreover, he failed to properly segregate the ward's funds in a separate account, and commingled those funds and other funds belonging to the ward with his own accounts in violation of Article V, Rule 1.15(a) of the Supreme Court Rules of Professional Conduct,[3] and failed to promptly pay bills owed by the ward in violation of Rule 1.15(b).[4] The respondent continued to serve as guardian of the ward even after he had been directed to remove himself from involvement by an order of this Court on May 27, 1993, in violation of Rule 3.4(c) of the Supreme Court Rules of Professional Conduct.[5] Throughout his involvement in this guardianship estate he neglected the interests of the ward in violation of Rule 1.3 of the Supreme Court Rules of Professional Conduct.[6]

The estate was eventually reimbursed when successor counsel filed a claim against a posted surety bond. However, payment by the bonding company does not absolve respondent of his misconduct. We believe that this case, standing alone, would warrant the sanction recommended by the board.

 However, respondent's misappropriation of funds occurred during the course of his representation of other clients as well. In May 1993 he was retained to represent a minor who had been injured when she was struck by a motor vehicle while riding her bicycle. The respondent successfully negotiated a settlement in the amount of $50,000, a settlement approved by a judge of the Superior Court upon the recommendation of an in-

**2.** Article V, Rule 8.4(c) of the Supreme Court Rules of Professional Conduct provides that "[i]t is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

**3.** Article V, Rule 1.15(a) of the Supreme Court Rules of Professional Conduct requires that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

**4.** Rule 1.15(b), in pertinent part, requires a lawyer to "promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive * * *."

**5.** Rule 3.4(c) of the Supreme Court Rules of Professional Conduct provides that "[a] lawyer shall not * * * knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

**6.** Rule 1.3 of the Supreme Court Rules of Professional Conduct states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

dependent guardian ad litem. The settlement check was received by respondent on November 19, 1995. An irrevocable trust was established from the settlement proceeds for the benefit of the minor.

The corpus of the trust was to consist of $30,045, the remainder of the settlement after payment of an attorney's fee to respondent and other court approved disbursements. The named trustee was another attorney admitted to the bar of this state. The respondent delayed payment of those funds to the trustee until April 9, 1996, after a disciplinary complaint had been filed by the child's mother. A review of respondent's financial records revealed that the funds properly belonging in trust did not remain in respondent's accounts during the intervening five months, and a portion of those funds had been converted to his own use. While full payment was eventually made, the disciplinary violations were complete upon the misappropriation of the funds. Accordingly, the board properly determined that respondent's conduct was in violation of Rules 1.3, 1.15(a), 1.15(b) and 8.4(c) of the Supreme Court Rules of Professional Conduct.

In two instances respondent accepted fees for the filing of bankruptcy petitions. The funds he received were to be applied for payment of the court filing fee, with funds for payment of attorney's fees to be paid by the clients at a later date. After receipt of the filing fees respondent did not prepare or file the requisite bankruptcy petitions, or notify his clients of the status of their bankruptcy matters. He was subsequently suspended from the practice of law, rendering him incapable of performing the services contracted for by the clients. In response to disciplinary complaints filed by each client, he stated to disciplinary counsel that he would contact the clients and refund the fees. He has not done so.

His neglect of his clients' bankruptcy matters and his failure to advise them of the status of their claims violates Rules 1.3 and 1.4. His failure to cooperate with disciplinary counsel is in violation of Rule 8.1(b).[7]

In another transaction, respondent was engaged to represent the interests of both the buyers and the sellers of a parcel of real estate located in Pawtucket, Rhode Island. He drafted the purchase and sales agreement for the buyers, with whom he had a pre-existing attorney/client relationship. He agreed to represent the interests of the buyer at the closing, as well as acting as settlement agent. There was no commercial lender involved in the transaction.

The closing was held on April 8, 1996. From the closing proceeds respondent withheld $1,099.18 from the seller's share for payment of outstanding water and sewer bills. He did not pay those bills or retain the funds in his account. He converted those funds to his own use. The buyer eventually paid those bills from his own funds.

An additional amount of $8,473.50 was withheld, in escrow, only to be released to the sellers pending the completion of necessary repairs to the heating and fire alarm systems in the building. The repairs were not performed, and the buyer made a demand on respondent, as escrow agent, to pay for the repairs from the escrowed funds. However, rather than paying for the repairs, respondent claimed ownership of the funds as fees due for past legal services rendered to the sellers, and took those funds for his own use, in violation of his fiduciary duty as escrow agent.

Rule 1.7(b) of the Supreme Court Rules of Professional Conduct states that "[a] lawyer shall not represent a client if the representation of that client may be mate-

---

7. Rule 8.1(b) states, in pertinent part, that a lawyer shall not "knowingly fail to respond to a lawful demand for information from * * * disciplinary * * * authority * * *." Provid-

ing false or misleading information to disciplinary counsel does not constitute compliance with this rule.

rially limited * * * by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation."

The respondent could not have a reasonable belief that his own interest in gaining access to the escrowed funds to satisfy an unpaid legal bill would not adversely affect his duties as attorney for the buyer and as escrow agent. The full extent of that conflict of interest became apparent when he unilaterally claimed the funds, contrary to the claim of the buyer. The board properly concluded his actions violated this rule. He violated Rules 1.15(a) and 1.15(c)[8] as well.

Two of the disciplinary complaints relate to the prior case for which respondent is presently suspended. Those facts are more fully set forth in *In the Matter of Krause*, 676 A.2d at 1341–42. The respondent had settled a personal injury claim on behalf of his secretary, and had withheld funds from that settlement to pay a lien on the funds claimed by the Rhode Island Department of Health and Human Services in the amount of $252.37. When the settlement check was received by respondent, the State of Rhode Island was a named payee on the settlement draft. The respondent took the liberty of endorsing the draft for the State of Rhode Island, negotiated the check, and converted the funds to his own use, in violation of Rules 1.15(a), 1.15(b) and 8.4(c).

From the same settlement he also withheld funds to pay a subrogation claim in the amount of $1,345.92 asserted by the health insurance carrier for his secretary, Blue Cross/Blue Shield of Rhode Island (Blue Cross). The respondent had entered into a subrogation agreement with Blue Cross whereby he had agreed to keep Blue Cross apprised of the status of the personal injury claim and insure that Blue Cross would be a named payee on the settlement check. In return for protecting the interests of Blue Cross, respondent would receive one-third of the sums collected on Blue Cross's behalf as his attorney's fee. However, Blue Cross was not a named payee on the settlement check, respondent failed to notify Blue Cross that the settlement funds had been received, and did not forward any funds to Blue Cross in accordance with the subrogation agreement. This conduct is in violation of Rules 1.4(a),[9] 1.15(a), 1.15(b) and 8.4(c) of the Rules of Professional Conduct.

In 1992, respondent was retained by Earl Tasca (Tasca) to represent him in a civil suit alleging wrongful termination from his place of employment, the Providence Postal Employees Credit Union. On February 3, 1993, respondent filed suit on behalf of Tasca in the United States District Court for the District of Rhode Island. That case was dismissed by the court on December 6, 1993.

Undaunted by his lack of success before the federal court, respondent continued the litigation by commencing a civil action seeking the same redress in the Superior Court of this state. However, this suit met an untimely demise due to respondent's failure to secure service of process on the defendants within a reasonable period of time in accordance with Rule 4 of the Superior Court Rules of Civil Procedure. He delayed service on two of the defendants for five months and made no

---

8. Rule 1.15(c) provides that when a lawyer is in possession of funds in which the lawyer and a third person claim an interest, and a dispute arises concerning their respective interests, the disputed funds shall be kept separate until the dispute is resolved. Accordingly, this rule was violated whether or not he had a continuing attorney/client relationship with the buyer after the closing had been completed.

9. Rule 1.4(a) as it existed at the applicable time provided that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." (In 1998, Rule 1.4 was amended by order of this Court, and the relevant provision has been recodified as Rule 1.4(b)).

service at all on eight other named defendants. Accordingly, Tasca's case was dismissed by the Superior Court pursuant to Rule 41(b) of the Superior Court Rules of Civil Procedure. This Court has affirmed that dismissal order. *Tasca v. Providence Postal Employees Credit Union,* 667 A.2d 1265 (R.I.1995).

Tasca filed a disciplinary complaint with the board regarding respondent's failure to protect his interests as a client. During the investigatory phase of the complaint respondent denied wrongdoing, claiming that the federal court and this Court were "clearly wrong" in dismissing the case. The respondent's interpretation is not persuasive. Subsequent to being advised of respondent's view of this Court's decision, disciplinary counsel sought further information from respondent regarding his representation of Tasca. The respondent did not reply to those requests.

██ The respondent's failure to effectuate service upon the defendants, and his inability to appreciate the requirement of timely service, demonstrates incompetence as proscribed by Rule 1.1 of the Supreme Court Rules of Professional Conduct,[10] as well as neglect as defined under Rule 1.3. His failure to respond to disciplinary counsel's requests for further information violated Rule 8.1(b).

In another matter, Luis A. Colon (Colon) retained respondent and paid him a fee of $300 for representation in an undisclosed legal matter. Shortly thereafter, Colon received notice that respondent had been suspended from the practice of law. (The fee was paid prior to the suspension order.) Colon unsuccessfully attempted to communicate with respondent regarding the case which he had entrusted to respondent's care, as well as to the fate of his retainer. When he received no reply, he filed a complaint with the board.

Disciplinary counsel's attempts to gain information from respondent were also unsuccessful. He ignored several requests to reply to Colon's complaint. Accordingly, he was found to have violated Rules 1.3 and 1.4(a) in his representation of Colon, and Rule 8.1(b) for his refusal to cooperate with disciplinary counsel.

The final matter before the board in this long litany of complaints was filed by Luis A. Diaz (Diaz). Diaz retained respondent to represent him in a closing on a purchase of real estate located in Providence, Rhode Island. There was no commercial lender involved in the transaction, and respondent served as settlement agent for the transaction. The closing was held on May 28, 1992.

At the time of the closing $31,295.85 was owed to the City of Providence for unpaid real estate taxes dating back to 1989. The respondent withheld this sum of money from the settlement proceeds for payment of those taxes. Diaz tendered an additional sum of $7,725 for payment of other bills associated with the purchase. These funds were deposited into respondent's business account.

On June 3, 1992, respondent made a partial payment of $17,736 to the tax collector toward the outstanding taxes due. He made an additional payment in the amount of $8,613.32 on December 1, 1995. He made no other payments on Diaz's behalf and the remaining funds are unaccounted for.

A review of respondent's financial records reveals that he did not maintain Diaz's funds in a separate account, did not make timely payment of bills on his behalf, and converted funds for his own use, ultimately resulting in Diaz's loss of the property at tax sale. The respondent's conduct in his representation of Diaz violated Rules 1.15(a), 1.15(b), and 8.4(c).

██ This persistent pattern of misconduct on the part of the respondent, extending over a significant period of time, involving numerous clients, and implicating a veritable host of disciplinary violations,

---

**10.** Rule 1.1 provides "[a] lawyer shall provide competent representation to a client."

requires that we accept the board's recommendation. The purposes of professional discipline are to protect the public and maintain the integrity of the profession. The respondent has utterly failed to conduct himself in a manner consistent with the principles expected of a member of the bar of this state.

Accordingly, the respondent, Harold E. Krause, is hereby disbarred from the practice of law in this state.

Chief Justice WEISBERGER did not participate.