**In the Matter of Steven M. ROSSI.**

**No. 99–358–M.P.**

Supreme Court of Rhode Island.

Sept. 21, 1999.

David Curtain, Chief Disciplinary Counsel, for petitioner.

Steven M. Rossi, Cumberland, for Respondent.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This disciplinary case is before the Supreme Court pursuant to two separate recommendations of the Supreme Court Disciplinary Board (board) that the respondent, Steven M. Rossi, be disciplined for professional misconduct. We note at the outset of this opinion that the respondent was suspended from the practice of law on December 27, 1996, for nonpay-

ment of mandatory dues to the Rhode Island Bar Association, and he departed from the state of Rhode Island in January 1997. However, he remains subject to the disciplinary jurisdiction of this Court.

The board conducted hearings on four complaints filed against respondent. Each of the hearings involved two consolidated petitions for disciplinary action, resulting in separate recommendations for discipline. The first recommendation of the board was that respondent be suspended from the practice of law for a period of sixty days, and in the second matter the board recommended disbarment.

Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides, in part:

"If the [Disciplinary] Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

Upon receipt of the board's recommendations, this Court entered an order directing respondent to appear and show cause why he should not be disciplined. The respondent did not appear. Based upon our review of the record, it is our conclusion that the appropriate disciplinary sanction to impose is disbarment.

The facts of the four complaints considered by the board are as follows. On February 26, 1991, Keryn Macari (Macari) was injured as a result of an automobile accident. She received treatment for her injuries from Dr. Michelle Lancellotti, and incurred medical bills to Dr. Lancellotti in the amount of $1,540. Macari retained the services of respondent to represent her in a claim for damages arising from that accident.

On April 7, 1994, respondent settled Macari's claim, and received a check in the amount of $10,500 on her behalf. He deposited that check into his office business account and not into a separate client's account. From those settlement funds he paid Macari her portion of the settlement proceeds after deducting his fee and withholding sufficient funds to pay Dr. Lancellotti's bill. However, he did not pay that bill until February 1996 after an investigation into respondent's handling of this matter had been commenced by the Office of Disciplinary Counsel. That investigation resulted from an inquiry received by disciplinary counsel from Dr. Lancellotti. A review of respondent's financial records revealed that these funds did not remain in the account, had been drawn down by respondent, and had been converted to his own use.

At the disciplinary hearing, respondent admitted the facts summarized above, but denied that he intended to convert those funds. He claimed that there was a legitimate issue as to whether Dr. Lancellotti was entitled to receive payment in full for the medical bill. However, the record is clear that respondent failed to safeguard these funds, and made no attempt to resolve a purported dispute over the bill until a disciplinary complaint was filed, at which time he made payment in full.

■ Based upon these facts, the board properly determined that respondent violated several rules of professional conduct. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct provides "[a] lawyer shall act with reasonable diligence and promptness in representing a client." When respondent withheld funds from Macari's settlement to pay her outstanding medical bill he assumed a duty to either promptly pay the bill or take appropriate steps to resolve any issues regarding the validity of that bill. By failing to take any action for a period of almost two years, respondent neglected his duty to his client in violation of this rule. While the client was not actually harmed by this period of delay, she remained at risk for any claim that Dr. Lancellotti was entitled to assert. This Court has previously determined that actual harm to the client is

not a necessary prerequisite to finding a violation of Rule 1.3. *In the Matter of Watt,* 701 A.2d 319, 320 (R.I.1997).

The respondent also violated his fiduciary duty to safeguard client funds entrusted to his care. Article V, Rule 1.15(a) of the Supreme Court Rules of Professional Conduct requires that an attorney segregate funds of clients or third parties in a separate client account. By depositing the settlement check into his business account he commingled funds in violation of this rule. His failure to forward payment to Dr. Lancellotti for a period of almost two years violated Rule 1.15(b), which requires that a lawyer in possession of funds belonging to a third person must promptly deliver those funds to the person entitled to receive them. His conversion of funds entrusted to his care is in violation of Article V, Rule 8.4(c) of the Supreme Court Rules of Professional Conduct, which provides that "[i]t is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation." *See In the Matter of Watt,* 701 A.2d at 320; *In the Matter of Hodge,* 676 A.2d 1362, 1363 (R.I.1996).

The board also heard evidence regarding respondent's representation of Tammy and Michael Hulbert (the Hulberts). In 1987, the Hulberts retained respondent to represent them regarding the purchase of a home in Johnston, Rhode Island. The subject real estate was not connected to the municipal water supply and received its supply of drinking water from an existing well. The sellers expressly guaranteed the potability of the well water in an addendum to the purchase and sales agreement.

Subsequent to closing on the real estate transaction, the Hulberts determined that the well did not supply drinkable water. They retained respondent to commence a civil action against the sellers and the sellers' agents for breach of contract. The respondent filed a civil suit in the Superior Court in November 1987, and obtained

service .on all the defendants. However, he did not file a motion to assign the case to the trial calendar, or commence discovery on behalf of the Hulberts. There was no activity in the case after 1989.

The Hulberts periodically communicated with respondent regarding the status of their claim. He misled the clients by leading them to believe that depositions would be taken and that the case would soon be reached for trial or court annexed arbitration. In November 1994, Michael Hulbert contacted the court scheduling office to determine when the case would be reached for trial, and learned that the case had not been assigned to the trial calendar. When he confronted respondent with this information, he was assured by respondent that his case would be heard in the courts. However, respondent failed to take any affirmative actions on behalf of the Hulberts and continued to mislead them regarding their case.

The Hulberts filed a disciplinary complaint against respondent which resulted in formal charges being levied against him by the board. At the hearing, respondent admitted his neglect of their case and acknowledged that he had provided false information regarding the status of that case. In mitigation, he claimed that his lack of diligence in pursuing this matter to resolution was that he had concluded that there was little likelihood of prevailing on the merits, that the costs of vigorously pressing the claim could exceed the value of any recovery, and that any judgment obtained as a result of court action may be uncollectible. However, he neglected to share his evaluation of the merits of the case with his clients.

■ The board properly concluded that respondent exhibited a lack of competence in his representation of the Hulberts in violation of Article V, Rule 1.1 of the Supreme Court Rules of Professional Conduct.[1] His egregious neglect of their case

1. Article V, Rule 1.1 of the Supreme Court

Rules of Professional Conduct provides: "A

over a period of many years violated his obligations under Rule 1.3 as well. He compounded his neglect by failing to keep his clients reasonably informed about the status of the case, in violation of Rule 1.4(a).[2] His deliberate misrepresentations as to the status of the civil suit were in violation of Rule 8.4(c). He should have communicated to the clients his candid opinion on the viability of their case rather than misrepresenting his actions to assuage their concerns. *See In the Matter of Brousseau,* 697 A.2d 1079, 1080 (R.I.1997).

In recommending the appropriate sanction to impose upon respondent for his misconduct relating to his representation of Macari and the Hulberts, the board considered respondent's lack of prior disciplinary complaints, full cooperation with the Office of Disciplinary Counsel, and his expressed plans to voluntarily cease the solo practice of law and to seek employment working with another attorney or in government practice. In weighing the extent of his misconduct against these mitigating factors, the board suggested that a sixty day suspension from the practice of law would be appropriate. Unfortunately, subsequent events have rendered this suggestion moot.

The respondent did voluntarily cease to engage in the practice of law. He did so by closing his office, abandoning his clients, and leaving the jurisdiction. He did so without making adequate provisions to protect his clients' interests.

Maria Perez (Perez) had retained respondent to represent her in an uncontest-ed, unanswered divorce. The respondent represented her at a hearing to obtain the divorce, but failed to take the appropriate steps to conclude the proceedings. He neglected to seek a final judgment of divorce or even to obtain a decision pending entry of the final judgment. When Perez filed a complaint with the Office of Disciplinary Counsel, respondent, in answer to Perez's complaint, represented to disciplinary counsel that he would file the appropriate motions to bring the divorce proceedings to closure. However, he failed to do so and refused to respond to disciplinary counsel's request for further information.

The respondent had also been retained to represent the estate of Margaret Plante (Plante) in August 1989. In September 1989, he filed her will to commence probate proceedings in the town of Cumberland, posted the appropriate bond, and filed an inventory with the court. However, he took no further steps to conclude the probate proceedings, and failed to comply with numerous requests from the executor of the estate regarding the status of those proceedings.

In February 1997, a complaint was received by the Office of Disciplinary Counsel regarding respondent's failure to complete the administration of the estate. Several requests from disciplinary counsel to respondent seeking a response to that complaint went unanswered.

The respondent was charged with violating Rules 1.3, 1.4(a) and 8.1(b)[3] for his misconduct in representing Perez and the

---

lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

2. Rule 1.4(a), as in effect at all times material to this matter, provides: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." (Rule 1.4 was amended by this Court effective May 1, 1998, and the provisions of Rule 1.4(a) have been *recodified* as 1.4(b)).

3. Rule 8.1(b) provides: "An applicant for admission to the bar, or a lawyer in connection with a bar admission application, a disciplinary matter or a continuing legal education matter, shall not * * * knowingly fail to respond to a lawful demand for information from an admissions, disciplinary or education authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6."

estate of Plante. He did not file an answer to the formal charges brought against him, and failed to appear at the disciplinary hearing. Accordingly, all charges against him in these two proceedings were deemed admitted in accordance with Section 3, Rule 3.18(d) of the Rules of Procedure of the Disciplinary Board of the Supreme Court. Based upon these findings, the board has recommended that respondent be disbarred.

We agree with the board's recommendation. The facts of these complaints demonstrate that the respondent has engaged in serious neglect of matters entrusted to his care, has lied to clients regarding the status of their cases, has commingled and converted clients' funds in his possession, and has abandoned his responsibilities as a member of the bar. Therefore, the respondent, Steven M. Rossi, is hereby disbarred from the practice of law in this jurisdiction.