**In the Matter of Mark C. BONN.**

**No. 2005–4–M.P.**

Supreme Court of Rhode Island.

Feb. 3, 2005.

David Curtin, Esq., for plaintiff.

Mark C. Bonn, Esq., Providence, for defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

### OPINION

PER CURIAM.

This disciplinary proceeding comes before the Supreme Court pursuant to Article III, Rule 6(d), of the Supreme Court Rules of Disciplinary Procedure. The Disciplinary Board of the Supreme Court (board) has forwarded its recommendation that the respondent, Mark C. Bonn (respondent), be monitored in his practice of law by a member of the bar for a period of

twelve months. On January 6, 2005, the respondent appeared before the Court pursuant to an order directing him to show cause why he should not be disciplined. After consideration of the findings and recommendation of the board, the arguments of Disciplinary Counsel, and a statement from the respondent, it is the opinion of this Court that discipline should be imposed. However, for the reasons set forth below we depart from the sanction recommended by the board, and we publicly censure the respondent in addition to requiring that his practice be monitored.

The factual allegations leading to these proceedings were not disputed. The respondent has been a member of the bar of this State since 1993. In 2002, he represented a client, Joseph W. Simmons (Simmons), in a claim for damages based on a personal injury. In August 2002, respondent negotiated a $4,385 settlement of Simmons's claim. At the time the settlement check was received, respondent did not maintain a client account. The proceeds from the settlement were deposited into respondent's business checking account.

The respondent paid his client $1,900 from the settlement, paid himself the agreed upon attorney fee, and withheld the sum of $1,398 from the settlement to pay medical bills that the client owed to Our Lady of Fatima Hospital and Hope Chiropractic. However, respondent failed to make timely payments of those bills to the medical providers and failed to maintain that money in his account.

In October 2003, after being notified that those bills had not been paid, Simmons filed a complaint against respondent with the board. In answering that complaint respondent admitted that he had not properly paid those medical bills, that he had failed to maintain that money in his account, and that he had converted that money for his own use. However, he had paid the outstanding bill to Our Lady of Fatima Hospital before July 2003, prior to the filing of the disciplinary complaint. The outstanding bill owed to Hope Chiropractic was paid by respondent on December 4, 2003.

Based upon these undisputed facts, the board concluded that respondent had violated Article V, Rules 1.15(a) [1] and (b),[2] and 8.4(c) [3] of the Supreme Court Rules of Professional Conduct. In determining an appropriate level of sanction to recommend to this Court the board also considered substantial mitigation evidence respondent provided. The respondent has

---

**1.** Article V, Rule 1.15(a) of the Supreme Court Rules of Professional Conduct provides:

"A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of seven (7) years after termination of the representation as provided under Rule 1.16."

**2.** Rule 1.15(b) provides:

"Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third persons, shall promptly render a full accounting regarding such property."

**3.** Rule 8.4(c) provides: "It is professional misconduct for a lawyer to: * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

no prior disciplinary history. He maintained a law office in Providence until approximately two years ago, and maintained a client account until that time. He was forced to relocate his law office on short notice when the building in which his office was located was sold. He began practicing out of his home, and no longer maintained his client account. The respondent's father suffered from Alzheimer's disease, and he became responsible for his care. At the time the Simmons case was settled respondent had placed his father in an assisted-care facility. The respondent was having financial difficulty providing for this care, and he used the money withheld from Simmons's settlement to defray those costs.

The respondent was and is truly remorseful for his misconduct. He made no excuse for his actions, and the board found his testimony that he took the money on what he perceived to be a temporary basis, to be credible. The respondent has been an active member of his community. He is on the board of directors of the Harmony Hill School and is active in the Boy Scouts. He also devotes a substantial amount of his time to pro bono representation.

The Disciplinary Counsel recommended that respondent's license to practice law be suspended for ninety days. The board rejected that recommendation based upon the mitigation evidence adduced at the hearing. The board has recommended to this Court that the respondent's practice of law be monitored by a member of the bar for a period of twelve months, with no other disciplinary sanction being imposed. The Disciplinary Counsel has renewed his request for a suspension.

■ We give great weight to the recommendations submitted to us by the board. We fully appreciate the hours devoted by the members of the board to a difficult task with no recompense. We concur in the board's finding that respondent has violated the rules as charged. However, in this case we believe that a stronger sanction than that recommended by the board is warranted.

Conversion of client funds is a serious violation of the rules that cannot be condoned by this Court. In numerous cases we have imposed lengthy suspensions upon respondents who have misappropriated client funds. *See In re Hodge,* 676 A.2d 1362, 1363 (R.I.1996); *In re Krause,* 676 A.2d 1340, 1342 (R.I.1996). Even when presented with substantial evidence of mitigation we have imposed some level of suspension. *See In re Indeglia,* 765 A.2d 444, 448–49 (R.I.2001). However, the unique facts of this case lead us to conclude that a suspension, as requested by Disciplinary Counsel, is not necessary.

"The purpose of professional discipline is to protect the public and to maintain the integrity of the profession." *Id.* at 448 (quoting *In re Ricci,* 735 A.2d 203, 208 (R.I.1999)). In the present case, those dual purposes of discipline will best be served by adopting the board's recommendation of a one-year period of supervision, with the additional imposition of the disciplinary sanction of a public censure.

Accordingly, the respondent, Mark C. Bonn, is hereby publicly censured by this Court for his misconduct as set forth herein. Additionally, within two weeks of this opinion the respondent shall submit an acceptable plan of supervision of his law practice to Disciplinary Counsel. That supervision shall consist of periodic review of his case files by a licensed Rhode Island attorney, who will submit a report to Disciplinary Counsel on a monthly basis concerning the status of those cases. The respondent also shall submit a copy of his bank statements for his client and checking accounts, plus copies of deposits and

canceled checks to Disciplinary Counsel on a monthly basis for review. This supervision shall remain in effect for a period of one year from the filing of this opinion.