IN THE MATTER OF BETSEY WARREN LEBBOS.

Suffolk. September 9, 1996. - November 13, 1996.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Attorney at Law,* Disbarment, Reciprocal discipline.

Discussion of S.J.C. Rule 4:01, § 16, providing for disciplinary action of an attorney in this State based on a judgment of discipline entered in another State. [754-756]

In a proceeding for reciprocal discipline of an attorney, pursuant to S.J.C. Rule 4:01, § 16, there was no merit to the attorney's claims that the disciplinary hearing afforded her in California was unfair for lack of notice and opportunity to be heard, that the tribunal was biased and incompetent, or that there was insufficient proof to establish the misconduct charges. [756-757]

The evidence of misconduct of an attorney established on the record of a disciplinary proceeding in California, and that resulted in her disbarment there, was clearly sufficient to warrant the imposition of the same discipline in this State pursuant to S.J.C. Rule 4:01, § 16. [757-758]

PETITION for reciprocal discipline filed in the Supreme Judicial Court for the county of Suffolk on March 28, 1991.

The case was heard by *Nolan,* J.

*Betsy Warren Lebbos,* of California (*Terry Flukes* with her) pro se.

*Terence M. Troyer,* Assistant Bar Counsel.

FRIED, J. The respondent, Betsey Warren Lebbos, was disbarred in California by a final order of the Supreme Court of California. *Lebbos* v. *State Bar of Cal.,* 53 Cal. 3d 37, cert. denied, 502 U.S. 932 (1991). Pursuant to S.J.C. Rule 4:01, § 16, as amended, 402 Mass. 1302 (1988), proceedings to impose reciprocal discipline were instituted. The respondent was disbarred pursuant to a judgment entered by a single justice of this court on September 8, 1994. The respondent appealed to the full court. The respondent urges that the California proceedings and judgment were defective in several respects and thus should not serve as the basis of a reciprocal

sanction of disbarment. We affirm the judgment of the single justice disbarring the respondent.

## I

In 1989 bar counsel filed a certified copy of an order involuntarily transferring the respondent to inactive status (temporary suspension) which had been entered against the respondent in California. The single justice suspended her temporarily on the basis of the California order. The respondent appealed to the full court and we affirmed. *Matter of Lebbos*, 407 Mass. 1010 (1990), cert. denied, 498 U.S. 1040 (1991). After the Supreme Court of California issued its final judgment and order disbarring the attorney, the single justice ordered reciprocal disbarment, and it is from that order that she appeals.

In March of 1991, the Supreme Court of California, acting on the recommendation of the review department of the California State Bar Court, disbarred the respondent for numerous violations of the California State Bar Rules of Professional Conduct. *Lebbos* v. *State Bar of Cal.*, *supra*. The California Supreme Court summarized its findings as follows:

> "[The respondent] commingled client funds; served on counsel and filed with the court an altered copy of a court order, with intent to deceive; concealed assets from a judgment creditor; unilaterally altered and filed as genuine a stipulation; refused to abide by a court's order recusing itself and lied to a client with respect to that order; and named a person as a plaintiff in a lawsuit without the person's knowledge or consent."

*Id.*

The respondent asks that this court not give reciprocal effect to the decision rendered against her in California because, she claims, California's ethical code is unconstitutionally vague, she was not given proper notice and opportunity to be heard, the tribunal hearing the charges was not impartial, there was an absence of proof establishing her misconduct, the misconduct does not warrant similar discipline here, and, finally, disbarment would work a grave injustice.

## II

Supreme Judicial Court Rule 4:01, § 16, is intended to

preserve the integrity of the bar in this Commonwealth and to protect the public.[1] Discipline is based on a judgment that an attorney has behaved in such a way that she is no longer worthy of the trust the courts and public must place in her representations, her conduct, and her character. That attorney is not suddenly rehabilitated when she crosses a State line. Permitting an attorney suspended or disbarred in one State to practice law in the Commonwealth rightly tends to undermine public confidence in the effectiveness of attorney disciplinary procedures and threatens harm to the administration of justice and to innocent clients. As in other matters, we repose confidence in and accord deference to the lawful procedures of our sister States. Accordingly, we generally give effect to the disciplinary decisions of another jurisdiction without undertaking the often difficult and protracted task of redoing the inquiry which has already been concluded there. But because the consequences for the attorney are grave and the responsibility of judgment is still ours, such deference does not automatically lead to reciprocity. See *Matter of Mc-*

---

[1]Supreme Judicial Court Rule 4:01, § 16, as amended, 402 Mass. 1302 (1988), provides in pertinent part as follows:

"(1) Upon receipt of a certified copy of an order that an attorney admitted to practice in this Commonwealth has been suspended or disbarred from the practice of law in another jurisdiction (including any Federal court and any State or Federal administrative body or tribunal), this court shall issue a notice directed to the respondent-attorney containing: (a) a copy of the order from the other jurisdiction; and (b) an order directing that the respondent-attorney inform the court within thirty days from service of the notice of any claim by him that the imposition of the identical discipline in this Commonwealth would be unwarranted and the reasons therefor. The Bar Counsel shall cause this notice to be served in hand upon the respondent-attorney. . . .

"(3) Upon the expiration of thirty days from service of the notice under subsection (1) above, the court, after hearing, may enter such order as the facts brought to its attention may justify and, in any event, may impose the identical discipline unless the Bar Counsel or the respondent-attorney establishes, or the court concludes, that (a) the procedure in the other jurisdiction did not provide reasonable notice or opportunity to be heard; (b) there was significant infirmity of proof establishing the misconduct; (c) imposition of the same discipline would result in grave injustice; or (d) the misconduct established does not justify the same discipline in this Commonwealth."

*Cabe*, 411 Mass. 436 (1991). We consider whether the proceedings accord with our notions of fairness and whether the grounds for the discipline correspond to our own criteria of attorney probity. Rule 4:01, § 16, implicitly adopts a modified rule of res judicata whereby the disciplinary action taken by a foreign jurisdiction will be adopted here unless: "(a) the procedure in the other jurisdiction did not provide notice or opportunity to be heard; (b) there was significant infirmity of proof establishing the misconduct; (c) imposition of the same discipline would result in grave injustice; or (d) the misconduct established does not justify the same discipline in this Commonwealth." S.J.C. Rule 4:01, § 16 (3). "Rule 4:01, § 16, clearly preserves our discretion to examine the record from another jurisdiction . . . [f]urthermore, in order for us to decide how an attorney's out-of-State conduct affects his right to practice here, that conduct must be subjected to some degree of scrutiny." *Matter of McCabe, supra* at 441 n.10. The factual aspect of our inquiry, however, is generally limited to determining whether the attorney received a fair hearing at which sufficient evidence was presented to justify our taking reciprocal disciplinary action. *Id*. at 450. Cf. *Matter of Calvo*, 88 F.3d 962, 967-968 (11th Cir. 1996).

### III

### A

We reject the respondent's claims that the hearing accorded her was unfair in that she was denied notice and an opportunity to be heard and that the tribunal was biased and incompetent. Lebbos was served with a notice to show cause alleging nine separate counts of professional malpractice, some of which included multiple incidents of alleged misconduct. After ample time to prepare her defense, a hearing was held at which she was present. Though given the opportunity to call witnesses and testify on her own behalf, she did neither. She argues in this court that she was denied due process because the referee assigned to hear her case, a retired California judge, was hard of hearing, inattentive, and biased. We are hesitant in a reciprocal disciplinary procedure to reexamine every aspect of the proceedings which took place in the foreign jurisdiction, particularly where an appellate forum exists in that jurisdiction which may and did address

these particular concerns. The issue of the presiding judge's competence has already been properly litigated, and we defer to the opinion of the Supreme Court of California that "the referee performed creditably under extremely trying circumstances." *Lebbos* v. *State Bar of Cal.*, *supra* at 49.

The attorney also contends that there was insufficient proof to establish the misconduct charges. In California the burden of proof required in a disciplinary matter rests with the State bar to establish "by convincing proof to a reasonable certainty" that the attorney is culpable as to each charge. *Price* v. *State Bar of Cal.*, 30 Cal. 3d 537, 547 (1982). Lack of evidence would provide a valid basis for us to refrain from imposing reciprocal discipline. *Matter of McCabe, supra* at 440, 450. The hearing in this case lasted several days, the testimony of numerous witnesses as well as documentary evidence of misconduct were presented by the State bar. The referee issued an eighty-one page opinion containing dozens of findings of fact. The Supreme Court of California, having made an independent review of the record, assures us that "overwhelming, competent evidence indicates that [the respondent] should be disbarred." *Lebbos* v. *State Bar of Cal.*, *supra* at 49. There is no reason to disagree.

## B

Having concluded that the respondent was given fair notice and an opportunity to be heard, and that ample evidence was presented supporting the charges, the remaining questions are whether the misconduct justifies the same discipline here as in California and whether grave injustice would result by its imposition.

The respondent mounts a vigorous argument that not only are the grounds for her California disbarment not sufficiently similar to the grounds for disbarment here to warrant a reciprocal sanction, but that indeed the grounds for her disbarment are so defective as to violate the United States Constitution. In particular she refers to charges against her relating to her persistent and extravagant criticism of judges, lawyers, the bar and the judicial system. We shall not enliven the pages of the Massachusetts Reports by recounting some of the more colorful epithets and incidents which are charged to her account. See *Lebbos* v. *State Bar of Cal.*, *supra* at 45. There may indeed be constitutional difficulties about disciplin-

ing a lawyer for criticisms of this sort if they occur outside of the courtroom, and the United States Court of Appeals for the Ninth Circuit has recently found that certain of the rules under which the respondent was charged violated the Federal Constitution. *United States* v. *Wunsch,* 84 F.3d 1110 (9th Cir. 1996). But this contention has no bearing at all on the matter before us. The Supreme Court of California specifically stated that its judgment rested sufficiently on the charges we have detailed above and that therefore it was "[p]utting aside" its consideration of the respondent's verbal attacks or the "fine points" of some of the epithets she deployed in referring to a member of the judiciary. *Lebbos* v. *State Bar of Cal., supra.* The court rested its judgment on the charges set out at the beginning of this opinion. The conduct it described so obviously and grossly violates the standards of elementary honesty demanded of an attorney, in this or any jurisdiction, that it would unduly prolong this opinion to explain why they are a sufficient basis for discipline here. *Id.* at 849 ("Multiple acts of misconduct involving moral turpitude and dishonesty warrant disbarment" citing standards for attorney sanctions).

*Judgment affirmed.*