## In the Matter of George E. Kersey.

Suffolk. March 8, 2005. - April 21, 2005.

Present: Marshall, C.J., Greaney, Spina, Cowin, Sosman, & Cordy, JJ.

*Attorney at Law,* Reciprocal discipline, Disbarment. *Due Process of Law,* Attorney disciplinary proceeding.

Statement of the standard employed by this court when reviewing reciprocal discipline proceedings brought against an attorney. [67-68]

In a proceeding brought pursuant to S.J.C. Rule 4:01, § 16, against an attorney on a petition for reciprocal discipline, based on the attorney's disbarment from the practice of law in New Hampshire, this court concluded that imposition of the same discipline in Massachusetts would not result in grave injustice, where the disciplinary proceedings in New Hampshire provided the attorney with a fair hearing, and where the attorney's actions (i.e., appearing in court in New Hampshire after his suspension from the practice of law in that State and repeatedly ignoring court orders) demonstrated a disrespect for and inability to abide by local rules sufficient to justify reciprocal discipline [68-69]; further, this court concluded that in the circumstances of this case, the imposition of such discipline would not be markedly disparate from that rendered in comparable cases in Massachusetts [69-71].

PETITION for reciprocal discipline filed in the Supreme Judicial Court for the county of Suffolk on April 9, 2004.

The case was heard by *Ireland*, J.

*George E. Kersey*, pro se.

*Terence McBride Troyer*, Assistant Bar Counsel.

SPINA, J. This is an appeal from a judgment of a single justice of this court disbarring the respondent, George E. Kersey, from the practice of law, pursuant to S.J.C. Rule 4:01, § 16, as appearing in 425 Mass. 1319 (1997) (reciprocal discipline). The respondent claims error because (1) his disbarment in New Hampshire is wrongful and was based on a wrongful New Hampshire suspension imposed as reciprocal discipline for a three-month Massachusetts suspension (*Matter of Kersey*, 15 Mass. Att'y Discipline Rep. 317 [1999], aff'd, 432 Mass. 1020

[2000], cert. denied, 531 U.S. 1127 [2001]); (2) he was deprived of due process in the New Hampshire disbarment proceeding; and (3) his disbarment from the practice of law in Massachusetts would represent disparate discipline from sanctions imposed on other attorneys for similar conduct. We affirm the judgment of disbarment.

1. *Background.* A series of contempt orders and two arrest warrants issued against the respondent during his divorce proceedings before the Vermont Family Court in the early 1990's. A single justice of this court in 1999 suspended the respondent from the practice of law for three months, specifying that a petition for reinstatement would not be entertained until he purged himself of the orders of contempt still outstanding against him. *Matter of Kersey, supra.* Bar counsel represents that the respondent never has applied for reinstatement, a fact the respondent does not dispute. See note 1, *infra.*

In 2001, the respondent was found in contempt of the order of suspension on the basis that he had continued to practice law in violation of his suspension. The respondent's suspension was extended for six months from the date of the contempt finding, but a petition for reinstatement still could not be filed until he purged himself of the Vermont contempt orders. Although the respondent claims he is in "substantial compliance" with the Vermont orders, no evidence is before us indicating that he has purged himself of contempt in that jurisdiction.

Subsequent to the initial three-month suspension imposed by this court, New Hampshire suspended the respondent for the same period on a petition for reciprocal discipline. The respondent's noncompliance with court orders and further contempt in New Hampshire eventually led to his disbarment in that jurisdiction.

We need not recite facts so thoroughly detailed elsewhere. In sum, the respondent was found in contempt of the New Hampshire Supreme Court's suspension order for conduct that amounted to practicing law under New Hampshire's local rules and for repeatedly refusing to comply with a court order to turn over client files and accounts. The respondent did not request reconsideration of the order or appeal from it, but rather repeatedly failed to comply despite numerous specific orders. The

New Hampshire court extended the respondent's suspension until further notice and referred the matter to its committee on professional conduct, which ultimately filed a petition for disbarment. The New Hampshire court ordered the respondent be disbarred. Other background relevant to this decision was determined by the New Hampshire Supreme Court in two decisions, each based on the findings of a judicial referee after hearing. *Kersey's Case*, 147 N.H. 659 (2002), cert. denied sub nom. *Kersey* v. *DeHart*, 535 U.S. 906 (2002) (finding of contempt), and *In re Kersey's Case*, 150 N.H. 585, cert. denied sub nom. 543 U.S. 874 (2004) (disbarment incorporating contempt findings).

On April 9, 2004, the Commonwealth's bar counsel filed a petition for reciprocal discipline, pursuant to S.J.C. Rule 4:01, § 16, seeking disbarment. On July 20, 2004, the single justice, after hearing, ordered the respondent disbarred from the practice of law in the Commonwealth effective immediately. The respondent filed a request for reconsideration, which was denied, and now appeals to the full court. The respondent asserts that the single justice did not properly weigh certain facts before him regarding infirmities in the New Hampshire Supreme Court decision and that disbarment in Massachusetts would represent disparate discipline for sanctions for similar conduct.[1]

2. *Standard of review.* "A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct . . . may be treated as establishing the misconduct for purposes of a disciplinary proceeding in the Commonwealth." S.J.C. Rule 4:01, § 16 (5). In reviewing reciprocal discipline, "[t]he judgment of suspension or disbarment shall be conclusive evidence of the misconduct unless the bar counsel or the respondent-lawyer establishes, or the court concludes, that the procedure in the other jurisdiction did not provide reasonable notice or opportunity to be heard or there was significant infirmity of proof establishing the misconduct." S.J.C. Rule 4:01, § 16 (3).

In deference to the procedures of other States, "we generally

---

[1]In his notice of appeal, the respondent also claims, without citation, that this court does not have jurisdiction to disbar him because he previously was suspended for a set period and never reinstated. The argument, however, was not briefed before the full court, and we decline to give it further attention.

give effect to the disciplinary decisions of another jurisdiction without undertaking the often difficult and protracted task of redoing the inquiry which has already been concluded there." *Matter of Lebbos*, 423 Mass. 753, 755 (1996), cert. denied, 520 U.S. 1275 (1997). However, the imposition of reciprocal discipline is not automatic. *Id.* at 755-756, citing *Matter of McCabe*, 411 Mass. 436 (1991). Rather, S.J.C. Rule 4:01, § 16 (3), implicitly adopts a modified rule of res judicata whereby the disciplinary action taken by a foreign jurisdiction may be adopted unless "(a) imposition of the same discipline would result in grave injustice; (b) the misconduct established does not justify the same discipline in this Commonwealth; or (c) the misconduct established is not adequately sanctioned by the same discipline in this Commonwealth."

3. *Grave injustice.* The New Hampshire proceedings provided the respondent a fair hearing. The respondent claims that "the procedure by the State of New Hampshire was lacking in opportunity to be heard because the Court ignored and misconstrued the presentation by [the respondent]" in violation of his due process rights. This claim is not supported by the record. It is clear to us that the New Hampshire court addressed each of his arguments, despite ultimately rejecting all of them. There was no due process violation.

The respondent does not contest meaningfully the sufficiency of the factual evidence submitted in the New Hampshire proceedings. The events underlying the findings of misconduct are undisputed. The respondent's dispute centers on what he characterizes as the "wrongful" conclusions of law the New Hampshire court reached based on those facts.

The respondent argues that his conduct in New Hampshire would not be sanctionable under the local rules of the Commonwealth or the United States Court of Appeals for the First Circuit. In making this argument, the respondent misconstrues the specific underlying conduct that raises the question of reciprocal discipline in this matter. The specific nature of his appearance in court after suspension may or may not have constituted the practice of law in Massachusetts, but it undeniably does in New Hampshire, as that State's Supreme Court has found it to be sanctionable on that basis. See *Acadia Ins. Co.* v.

*McNeil,* 116 F.3d 599, 604 (1st Cir. 1997) (State's highest court is "final arbiter" of State law questions). By appearing, the respondent demonstrated a disrespect for and inability to abide by local rules, sufficient to justify reciprocal discipline.

The court orders regarding client files and accounts that the respondent repeatedly ignored may or may not have been valid had they been issued in Massachusetts. They may or may not be valid in New Hampshire. Regardless, the respondent serially and boldly defied the court's orders until faced with potential incarceration. His conduct evidences an attitude toward the court and the rule of law that justifies reciprocal discipline. We note again that the respondent did not appeal from or seek reconsideration of the court orders that he had ignored when they were issued. Rather, he simply defied them. We have indicated our hesitance to examine alleged defects in disciplinary proceedings "where an appellate forum exists in that jurisdiction which may and did address these particular concerns." *Matter of Lebbos, supra* at 756-757. We are even more reluctant to do so in a situation such as this where an appellate option existed of which the respondent failed to avail himself.

The imposition of the same sanction for the conduct established in the New Hampshire Supreme Court would not represent a grave injustice.

4. *Appropriate sanction.* The purpose underlying procedures under the reciprocal discipline is set out clearly in *Matter of Lebbos, supra* at 754-755:

> "Supreme Judicial Court Rule 4:01, § 16, is intended to preserve the integrity of the bar in this Commonwealth and to protect the public. Discipline is based on a judgment that an attorney has behaved in such a way that she is no longer worthy of the trust the courts and public must place in her representations, her conduct, and her character. That attorney is not suddenly rehabilitated when she crosses a State line. Permitting an attorney suspended or disbarred in one State to practice law in the Commonwealth rightly tends to undermine public confidence in the effectiveness of attorney disciplinary procedures and threatens harm to the administration of justice and to innocent clients." (Footnote omitted.)

On a matter of reciprocal discipline, "we may impose whatever level of discipline is warranted by the facts even if that discipline exceeds, equals, or falls short of the discipline imposed in another jurisdiction." *Matter of Watt*, 430 Mass. 232, 234 (1999). Nor are we bound by the single justice's assessment of appropriate discipline. Rather, we review the question de novo to ensure that the discipline imposed by the single justice is not markedly disparate from that ordered in comparable cases. See *Matter of Goldberg*, 434 Mass. 1022, 1023 (2001), and cases cited.

We acknowledge that it is rare for a contempt order to generate conduct ultimately warranting disbarment. Cf. *Matter of Georges*, 13 Mass. Att'y Discipline Rep. 228 (1997), and S.J.C. No. BD-95-077 (June 24, 1996) (continued practice after temporary suspension; resignation and disbarment retroactive to date of contempt order). The extended nature and seriousness of the respondent's misconduct, however, proves to be the exception to the rule. His behavior over the last twelve years has escalated as he has received increasingly severe sanctions. Paramount among his misconduct is his continued and repeated violation of court orders, leading to multiple judgments of contempt in three jurisdictions and an outstanding arrest warrant. See *Matter of Cohen*, 435 Mass. 7 (2001). That his wrongdoing first arose during the course of his own contentious divorce in which he appeared pro se neither excuses nor explains its persistence and escalation.

The respondent's repetitive and continued wrongdoing, even after disciplinary proceedings had commenced; the cumulative effect of the multiple violations, see *Matter of Saab*, 406 Mass. 315, 326-327 (1989); his record of prior discipline, see *Matter of Dawkins*, 412 Mass. 90, 96-97 (1992), and cases cited; and the absence of any substantial mitigating factor or reformation, collectively, support a judgment of disbarment as a matter of reciprocal discipline. Although we do not rely on it, we note that the United States Court of Appeals for the First Circuit recently reached the same conclusion. *In re Kersey*, 402 F.3d 217, 219-220 (1st Cir. 2005).

Regardless of whether the specifics of his conduct in New Hampshire would be sanctionable under our local rules, we

hereby give effect to the New Hampshire court's determination that the respondent's conduct was "reflective not only of his contempt for the court issuing such orders but for the entire judicial system as a whole. Such conduct cannot be overlooked or treated in any manner other than . . . [by] disbarment from the practice of law." *In re Kersey's Case*, 150 N.H. 585, 558 (2004). We conclude that the respondent is "no longer worthy of the trust the courts and public must place in [his] representations, [his] conduct, and [his] character." *Matter of Lebbos*, *supra* at 755. We therefore affirm the judgment of the single justice.

*So ordered.*