In re Andrew M. STEINBERG, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 350983).

No. 05–BG–413.

District of Columbia Court of Appeals.

July 7, 2005.

Before SCHWELB and RUIZ, Associate Judges, and KING, Senior Judge.

PER CURIAM:

█ In this disciplinary proceeding against respondent, Andrew M. Steinberg, Esquire, a member of our Bar, the Board on Professional Responsibility ("Board") has found that respondent violated D.C. Rules of Professional Conduct 1.1(a) (failure to provide competent representation), 1.1(b) (failure to represent his client with the skill and care of similarly situated practitioners), 1.2(a) (failure to adhere to the objectives of his client), 1.3(a) (failure to represent client with diligence and zeal), 1.3(c) (failure to represent client with reasonable promptness), and 1.4(a) (failure to communicate with his client). We accept the Board's findings and adopt its recommended sanction of a sixty-day suspension with reinstatement conditioned on making restitution to the client.

The respondent is no stranger to the D.C. disciplinary system. The Board considered respondent's disciplinary history, which includes three separate matters each of which resulted in a thirty-day suspension.[1] *See In re Steinberg,* 720 A.2d 900, 901 n. 1 (D.C.1998) (reciprocal discipline case from Virginia involving dishonest conduct, a failure to explain fees to his client, a failure to return the advancement of fees, a failure to keep his client reasonably informed, and a failure to maintain complete records of client funds); *In re Steinberg,* 761 A.2d 279, 280 (D.C.2000) (original discipline case involving failure to respond reasonably to Bar Counsel's requests for information in two separate disciplinary matters); *In re Steinberg,* 864 A.2d 120, 120 (D.C.2004) (original discipline case involving failure to respond reasonably to Bar Counsel's requests for information, and to comply with a Board

Order, and serious interference with the administration of justice). Based largely on this disciplinary history, and after comparing the violations in this case with similar cases and the sanctions imposed in those cases, the Board recommends that respondent be suspended for sixty days and that reinstatement be conditioned on his making restitution to his client in the amount of $750.00 plus interest at 6% per annum. The Board further recommends that, because the violations in this case took place during a time frame different from the period of violations for which respondent was suspended last year in disciplinary case No. 03–BG–801, *see In re Steinberg,* 864 A.2d at 125–27, the sixty-day suspension in this case should run consecutively to respondent's thirty-day suspension in No. 03–BG–801.[2]

█ We will accept the Board's findings as long as they are supported by substantial evidence in the record. *See* D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* As no exceptions to the Board's Report and Recommendation have been filed, we give heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). We find substantial support in the record for the Board's findings, and accordingly, we accept them. We also adopt the sanction recommended by the Board, which takes into account respondent's disciplinary history, and is not inconsistent with discipline imposed in cases involving similar violations. *See, e.g., In re Ontell,* 593 A.2d

---

1. Additionally, respondent was informally admonished in 2001 for failure to communicate with his client, and in 1984 for failure to disburse settlement funds to his client.

2. In its Report, the Board noted that respondent had not yet filed the affidavit required by D.C. Bar R. XI, § 14(g) in that case.

1038, 1041 (D.C.1991) (ninety-day suspension, with sixty days stayed and one-year probation with practice monitor, for neglect of client matters and making misrepresentations to his clients in two unrelated cases); *In re Ontell*, 724 A.2d 1204, 1204 (D.C.1999) (ninety-day suspension for failure to provide competent representation, failure to represent client with skill and care, failure to represent client with diligence and zeal and reasonable promptness, failure to communicate with client, failure to withdraw from representation, failure to protect client's interests following termination, and conduct that seriously interferes with the administration of justice); *In re Mintz*, 626 A.2d 926, 926–27 (D.C. 1993) (two-year suspension with fitness requirement in a reciprocal discipline case for pattern of gross neglect of clients' matters, lack of due diligence, failure to communicate with clients, failure to cooperate with ethics authorities, and failure to maintain a bona fide office in foreign jurisdiction); *In re Joyner*, 670 A.2d 1367, 1368–69 (D.C.1996) (thirty-day suspension and requirement to take ethics course for neglect of client matters and failure to seek client's objectives).

Accordingly, it is

ORDERED that Andrew M. Steinberg, Esquire is suspended from the practice of law in the District of Columbia for the period of sixty days, with reinstatement conditioned on his making restitution to his client in the amount of $750.00 plus interest at 6% per annum. It is further ordered that the sixty-day suspension run consecutive to respondent's thirty-day suspension in No. 03–BG–801. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*