In the Matter of Andrew Mark Steinberg. April 5, 2007. *Attorney at Law, Reciprocal discipline, Suspension.*

On July 7, 2005, the District of Columbia Court of Appeals suspended Andrew Mark Steinberg from the practice of law for sixty days — based on multiple violations of the District of Columbia Rules of Professional Conduct, including failure to provide competent representation, failure to provide prompt representation, and failure to communicate — "with reinstatement conditioned on making restitution to the client."[1] *In re Steinberg*, 878 A.2d 496, 497 (D.C. 2005). The matter came before a single justice of this court on bar counsel's petition for reciprocal discipline. The single justice suspended the respondent from the practice of law in the Commonwealth, ordering that he be eligible to apply for reinstatement after compliance with a prior order of term suspension entered by the same single justice, plus one year and one day. The respondent did not appeal from the first order of term suspension; accordingly, only the second order is before us.[2] We affirm.

Under our bar discipline rules, a "final adjudication in another jurisdiction that a lawyer has been guilty of misconduct . . . may be treated as establishing the misconduct for purposes of a disciplinary proceeding in the Commonwealth." S.J.C. Rule 4:01, § 16 (5), as appearing in 425 Mass. 1319 (1997). For reciprocal discipline purposes, "[t]he judgment of suspension . . . shall be conclusive evidence of the misconduct unless the bar counsel or the respondent-lawyer establishes, or the court concludes, that the procedure in the other jurisdiction did not provide reasonable notice or opportunity to be heard or there was significant infirmity of proof establishing the misconduct." S.J.C. Rule 4:01, § 16 (3), as appearing in 425 Mass. 1319 (1997). *Matter of Kersey*, 444 Mass. 65, 68-69 (2005). "[W]e generally give effect to the disciplinary decisions of another jurisdiction without undertaking the often

---

[1]The District of Columbia Court of Appeals also ordered that the respondent's suspension "run consecutive to respondent's thirty-day suspension" in another disciplinary matter. *In re Steinberg*, 878 A.2d 496, 498 (D.C. 2005).

[2]After this appeal was ordered for argument in this court, the single justice entered a judgment disbarring the respondent for conduct unrelated to the basis for the order of term suspension. The propriety of that judgment is not now before us; we will consider that judgment in due course, if the respondent appeals from it.

difficult and protracted task of redoing the inquiry which has already been concluded there." *Matter of Lebbos*, 423 Mass. 753, 755 (1996), cert. denied, 520 U.S. 1275 (1997).

In reciprocal discipline cases, the court ordinarily considers whether "the attorney received a fair hearing at which sufficient evidence was presented to justify our taking reciprocal disciplinary action." *Matter of Bailey*, 439 Mass. 134, 136 (2003), quoting *Matter of Lebbos*, *supra* at 756. Before the single justice, however, the respondent filed no response to the petition for discipline, and neither submitted evidence that the District of Columbia proceedings provided him with less than a fair hearing nor demonstrated that the evidence was insufficient to support disciplinary action. "We do not consider issues, arguments, or claims for relief raised for the first time on appeal." *Cariglia* v. *Bar Counsel*, 442 Mass. 372, 379 (2004). See *Matter of Cobb*, 445 Mass. 452, 477 (2005) (claim not made before hearing committee or Board of Bar Overseers deemed waived). In any event, the record before us does not demonstrate that the respondent was accorded less than a fair hearing. As we said in *Matter of Bailey*, *supra* at 137, the respondent "had ample notice and opportunity to be heard, as well as the opportunity to raise before the [appellate court] any defects in the . . . conduct of his hearing." Among other things, while the respondent was denied a continuance, he was given a reasonable opportunity to move to reconvene the hearing, on submission of evidence supporting his request for a medical continuance — evidence that he failed timely to provide. In addition, the respondent appears not to have challenged in his appeal in the District of Columbia the process afforded to him there. See *In re Steinberg*, *supra* ("no exceptions to the Board's Report and Recommendation have been filed").

We next consider whether the sanction imposed by the single justice was markedly disparate from that imposed in comparable cases. *Matter of Kersey*, *supra* at 70. The respondent alleges that the single justice erred in failing to impose the same sanction (a sixty-day suspension) that was imposed in the District of Columbia. In reciprocal discipline cases, however, our task is not to replicate the sanction imposed in another jurisdiction but, rather, to mete out the sanction appropriate in this jurisdiction, "even if that discipline exceeds, equals, or falls short of the discipline imposed in another jurisdiction." *Matter of Watt*, 430 Mass. 232, 234 (1999). See S.J.C. Rule 4:01, § 16 (3). The single justice properly considered the facts establishing the respondent's neglect of client matters, his failure to provide competent representation, his substantial disciplinary history in other jurisdictions,[3] his failure to comply with the first order of term suspension entered in this jurisdiction, and the absence of any substantial mitigating factor or reformation. Collectively, these facts support suspension for one year and one day, to run consecutively to the completion of the prior order of suspension. See *Matter of Kersey*, *supra*; *Matter of Dawkins*, 412 Mass. 90, 96-97 (1992), quoting *Matter of Bryan*, 411 Mass. 288, 291 (1991) (prior discipline is

---

[3]See *In re Steinberg*, 878 A.2d 496 (D.C. 2005); *In re Steinberg*, 864 A.2d 120 (D.C. 2004); *In re Steinberg*, 761 A.2d 279 (D.C. 2000); *In re Steinberg*, 720 A.2d 900 (D.C. 1998); *Attorney Grievance Comm'n* v. *Steinberg*, 385 Md. 696 (2005); *Attorney Grievance Comm'n* v. *Steinberg*, 348 Md. 1 (1997).

"substantial factor in selecting the level of discipline"). Suspension for a period that will require the respondent to apply for reinstatement is warranted.

*Order affirmed.*

*Nancy E. Kaufman,* First Assistant Bar Counsel.