In the Matter of Peter Paul Mitrano. May 22, 2009. *Attorney at Law,* Disciplinary proceeding, Reciprocal discipline, Disbarment, Suspension. *Moot Question.*

In this reciprocal bar discipline case, Peter Paul Mitrano appeals from an order of a single justice of this court temporarily suspending him from the practice of law pending the outcome of disciplinary proceedings in the District of Columbia and from a subsequent judgment of disbarment. We affirm the judgment of disbarment and dismiss the appeal from the temporary suspension as moot.

*Background.* A hearing committee for the District of Columbia board on professional responsibility (D.C. board) found that Mitrano violated several of the District of Columbia Rules of Professional Conduct, including those prohibiting theft, dishonesty, and commingling of funds, by failing to notify his client or other parties having an interest that he had received a substantial check issued to his client, securing an indorsement of the check from a person not authorized to sign it, depositing the check into his personal bank account, and using the vast majority of the proceeds to pay his personal obligations, while knowing at all times that the amount of the check greatly exceeded any fees to which he was entitled. *In re Mitrano*, 952 A.2d 901, 904-905 (D.C. 2008). On the D.C. board's recommendation, the District of Columbia Court of Appeals ordered Mitrano's disbarment. *Id.* at 907. The detailed facts concerning Mitrano's misconduct are fully set forth therein and need not be repeated here.

Mitrano was not temporarily suspended from the practice of law in the District of Columbia pending the outcome of the disciplinary proceedings. The Supreme Court of New Hampshire did, however, issue a reciprocal order temporarily suspending him from the practice of law in that State. Based on that order, Bar Counsel filed a petition for reciprocal discipline in the county court. S.J.C. Rule 4:01, § 16, as appearing in 425 Mass. 1319 (1997). After a hearing, the single justice issued an order temporarily suspending Mitrano from the practice of law in Massachusetts. After the District of Columbia Court of Appeals entered its order of disbarment, Bar Counsel filed a second petition for reciprocal discipline. The single justice, again after a hearing, entered a judgment disbarring Mitrano from the practice of law in Massachusetts, retroactive to the date of the temporary suspension, and with reinstatement conditioned on reinstatement in the District of Columbia.

*Disbarment.* Under our bar discipline rules, a "final adjudication in another jurisdiction that a lawyer has been guilty of misconduct . . . may be treated as establishing the misconduct for purposes of a disciplinary proceeding in the

Commonwealth." S.J.C. Rule 4:01, § 16 (5). For reciprocal discipline purposes, "[t]he judgment of . . . disbarment shall be conclusive evidence of the misconduct unless the bar counsel or the respondent-lawyer establishes, or the court concludes, that the procedure in the other jurisdiction did not provide reasonable notice or opportunity to be heard or there was significant infirmity of proof establishing the misconduct." S.J.C. Rule 4:01, § 16 (3). See *Matter of Steinberg*, 448 Mass. 1024, 1024 (2007); *Matter of Kersey*, 444 Mass. 65, 68-69 (2005). "[W]e generally give effect to the disciplinary decisions of another jurisdiction without undertaking the often difficult and protracted task of redoing the inquiry which has already been concluded there." *Matter of Lebbos*, 423 Mass. 753, 755 (1996), cert. denied, 520 U.S. 1275 (1997). "[O]ur inquiry 'is generally limited to determining whether the attorney received a fair hearing at which sufficient evidence was presented to justify our taking reciprocal disciplinary action.' " *Matter of Bailey*, 439 Mass. 134, 136 (2003), quoting *Matter of Lebbos, supra* at 756.

Mitrano has not established either that the District of Columbia proceedings deprived him of notice and an opportunity to be heard or that there was a significant infirmity of proof. As to the notice he received, Mitrano argues that he was charged with forging the indorsement on the check, and that he was thus not put on notice that he would be disciplined for securing an indorsement by an unauthorized person. The District of Columbia Court of Appeals found this argument to be "utterly without merit," *In re Mitrano, supra* at 906, and we agree. While the District of Columbia's specification of charges contains one sentence alleging that Mitrano himself indorsed the check in the name of Michael J. Byorick, an allegation that the D.C. board found to be unproven, this was but one part of the charges against Mitrano. It is clear that Mitrano was being charged with theft of the proceeds of the check and that forgery was merely an alleged method by which he accomplished the theft. Mitrano had ample notice and opportunity to defend himself against the charges.

As to the sufficiency of the evidence, Mitrano essentially challenges the credibility determinations made by the hearing committee. The hearing committee was in a far better position to make those determinations than we are, and we defer to their views. Mitrano also points to evidence that, according to him, shows that Byorick in fact had authority to indorse the check, or at least that Mitrano could have reasonably believed that he had such authority. On the contrary, the evidence on which Mitrano relies shows at most that Byorick was an officer of Mitrano's corporate client several years *before* the check was indorsed. There was evidence before the D.C. board that Byorick no longer held that position at the critical time, but had retired to Florida, and that Mitrano had no basis to believe at that time that Byorick had authority to indorse a check on behalf of the corporation. Moreover, even if the evidence before the hearing committee might have supported inferences more favorable to Mitrano, this does not establish a significant infirmity of proof for the inferences that it did draw. Because Mitrano received a fair hearing in the District of Columbia and the findings are supported by sufficient evidence, the District of Columbia's judgment of disbarment constitutes conclusive evidence of Mitrano's misconduct. S.J.C. Rule 4:01, § 16 (3).

We turn briefly to the sanction of disbarment imposed by the single justice. Under our rules, "[t]he court may impose the identical discipline unless

(a) imposition of the same discipline would result in grave injustice; (b) the misconduct established does not justify the same discipline in this Commonwealth; or (c) the misconduct established is not adequately sanctioned by the same discipline in this Commonwealth." *Id.* There is no grave injustice here. Disbarment or indefinite suspension is the presumptive sanction in this Commonwealth for Mitrano's misconduct, the intentional misuse of client funds resulting in actual deprivation, and Mitrano does not argue otherwise. *Matter of Schoepfer,* 426 Mass. 183, 187 (1997). The single justice properly ordered that Mitrano be disbarred.

*Temporary suspension.* In light of our decision upholding Mitrano's disbarment from the practice of law, the question whether the single justice properly issued an interim reciprocal order of temporary suspension in the circumstances of this case has become moot.

*Conclusion.* The judgment of disbarment is affirmed. The appeal from the order dated April 14, 2008, temporarily suspending the respondent from the practice of law, is dismissed as moot.

*So ordered.*

*Peter Paul Mitrano,* pro se.

*Nancy E. Kaufman,* First Assistant Bar Counsel.