IN THE MATTER OF JON C. TAYLOR. October 18, 2010. *Attorney at Law,* Disciplinary proceeding, Disbarment.

The respondent, Jon C. Taylor, appeals from a judgment of a single justice of this court ordering that he be disbarred from the practice of law. We affirm.

*Background.* In March, 2008, the respondent was temporarily suspended from the practice of law.[1] The temporary suspension was based on the respondent's criminal conduct. In March, 2007, he admitted to sufficient facts to warrant a finding of guilty of operation of a motor vehicle with a suspended license and suspended registration. The matter was continued without a finding and he was placed on unsupervised probation. While on probation, he was charged with various new crimes, including assault and battery. The altercation that led to this charge occurred at the home of one of the respondent's clients. The respondent then failed to appear for a probation violation hearing. As a result of the probation violation and the failure to appear for the hearing, the continuation without a finding on the motor vehicle charges was vacated and findings of guilty were entered on both counts. The respondent was sentenced to ten days in a house of correction and placed on probation until July 14, 2008. He thereafter violated his probation again by, among other things, driving with a suspended license; testing positive for marijuana; and failing to report to a probation officer. His probation was revoked and he was sentenced to serve an additional ten days.

Then, in January, 2008, while visiting a client who was a defendant in a murder case and incarcerated at the Plymouth County house of correction, the respondent exchanged sneakers with the client. He wore new sneakers into the house of correction, exchanged them for his client's sneakers, and wore those when he left. He reported the incident and a complaint issued charging him with violating G. L. c. 268, §§ 28 and 31, which prohibit the delivery of articles to or receipt of articles from an inmate.

At the time of the March, 2008, temporary suspension, the complaint under

---

[1]The respondent also previously received a public reprimand in 2003.

G. L. c. 268, §§ 28 and 31, and the assault and battery complaint were still pending. The single justice, in issuing the order of temporary suspension, noted that he would "revisit" the matter if the pending criminal charges were resolved in favor of the respondent. They were not. In July, 2008, the respondent was convicted of assault and battery and sentenced to thirty days in a house of correction with two days to serve and the balance suspended for one year. In September, 2008, he admitted to sufficient facts on one count of delivering an article to and one count of removing an article from a prisoner (the sneakers), in violation of G. L. c. 268, §§ 28 and 31, a felony. The case was continued without a finding with probation to run concurrent with probation that the respondent was serving on the assault and battery conviction. In a separate proceeding, the respondent also admitted to sufficient facts to three charges of operating with a suspended registration and operating with a suspended license, subsequent offense. These charges were also continued without a finding.

In January, 2009, bar counsel filed with the Board of Bar Overseers (board) a petition for discipline alleging that the respondent had engaged in and been convicted of various crimes, including a felony, and that his conduct violated certain Massachusetts Rules of Professional Conduct.[2] A hearing panel found that the respondent had violated Mass. R. Prof. C. 3.4 (c), 426 Mass. 1389 (1998), and Mass. R. Prof. C. 8.4 (b), (c), (d), and (h), 426 Mass. 1429 (1998). The committee recommended that the respondent be disbarred and that the disbarment be effective on the date of the order of disbarment. The board agreed. An information was filed and heard by a single justice, who ordered that the respondent be disbarred effective on the entry of the judgment (i.e., on the date of the order, as recommended by the board). The respondent appeals, seeking a two-year suspension rather than disbarment.[3]

*Discussion.* "We review de novo the question of the appropriate level of discipline to be imposed. *Matter of Kennedy,* 428 Mass. 156, 156 (1998). Our goal is to ensure that the sanction ordered by the single justice is not markedly disparate from what has been ordered in comparable cases. *Matter of Tobin,* 417 Mass. 81, 88 (1994). *Matter of Palmer,* 413 Mass. 33, 37-38 (1992). *Matter of Alter,* 389 Mass. 153, 156 (1983). While the review is de novo in the sense that no special deference is given to the single justice's determination, we, like the single justice before us, must be 'mindful that the board's recommendation is entitled to substantial deference.' *Matter of Tobin, supra.* See *Matter of Palmer, supra* at 40; *Matter of Alter, supra* at 157-158." *Matter of Doyle,* 429 Mass. 1013, 1013 (1999). In cases where the attorney has committed a felony while in the course of practicing law, the presumptive sanction is disbarment or, in some instances, indefinite suspension. See, e.g., *Matter of Driscoll,* 447 Mass. 678, 688 (2006). "For the most part, those attorneys who have received a suspension have escaped the greater sanction of disbarment or indefinite suspension due to special mitigating circumstances." *Id.,* quoting *Matter of Concemi,* 422 Mass. 326, 330 n.4 (1996).

No special mitigating circumstances exist here. The respondent argues that the hearing committee, and in turn the board, overlooked certain evidence and

_____

[2]Pursuant to S.J.C. Rule 4:01, § 12 (1), as appearing in 425 Mass. 1313 (1997), the term "conviction" includes any admission to or finding of sufficient facts as well as any guilty plea.

[3]The respondent does not appeal from the adjudication that he violated the rules of professional conduct or from the decision as to the effective date of the sanction.

mitigating factors in reaching the conclusion that disbarment is the appropriate sanction. He argues, for example, that the hearing committee erroneously determined that the assault and battery, which occurred at a client's home, occurred in connection with the respondent's practice of law. The board concluded that it need not reach the issue because the respondent's felony conviction for exchanging items with an incarcerated client clearly was in connection with the practice of law. We agree, although we also note that to the extent that the respondent argues that the hearing committee did not credit his testimony regarding why he was visiting his client, we "accord to the hearing committee the position of 'the sole judge of the credibility of the testimony presented at the hearing.' " *Matter of Saab*, 406 Mass. 315, 328 (1989), quoting S.J.C. Rule 4:01, § 8 (3), as appearing in 381 Mass. 784 (1980).

The respondent also argues that the hearing committee, and the board, did not give sufficient consideration as a mitigating factor to the respondent's having reported the incident involving the exchange of sneakers with his incarcerated client. Even if this were viewed as a mitigating factor, the fact remains that the respondent committed a felony, and has demonstrated repeatedly that he is not prepared to comply with the law. He has a history of prior discipline, has been convicted of various other crimes, and has more than once violated the terms of his probation. These are not the type of "special circumstances" that warrant, as the respondent requests, a lesser sanction than disbarment. See *Matter of Driscoll, supra.*

*Conclusion.* We agree with the recommendation of the board and the decision of the single justice that disbarment is the appropriate sanction.

*Judgment affirmed.*

*William J. Keefe* for the respondent.
*Nancy E. Kaufman,* First Assistant Bar Counsel.