IN THE MATTER OF MICHAEL W. BURNBAUM. November 14, 2013. *Attorney at Law*, Reciprocal discipline, Disbarment.

Following his Federal felony drug conviction, the Supreme Court of Florida granted the petition of the respondent, Michael W. Burnbaum, for disciplinary resignation from the Florida bar. Approximately twelve years later, bar counsel petitioned, pursuant to S.J.C. Rule 4:01, § 16, as appearing in 425 Mass. 1319 (1997), for reciprocal discipline in Massachusetts. After a hearing, a single justice of this court ordered that the respondent be suspended for three years from the practice of law in Massachusetts. Bar counsel appeals. We conclude that the respondent should be disbarred.

*Background.* The respondent was admitted to the bar in Massachusetts on June 7, 1977, and in Florida on November 27, 1984. In 1995, he was indicted in the United States District Court for the Southern District of Florida on charges of conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute. He eventually pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), admitting that he had met with an incarcerated client and received from the client a map to a warehouse where 145 kilograms of cocaine were located. The respondent sent that map to another client by facsimile transmission. In June, 1999, the respondent was sentenced to a 105-month term of incarceration, with four years of supervised release to follow. The respondent did not report the conviction to bar counsel in Massachusetts. S.J.C. Rule 4:01, § 12 (8), as appearing in 425 Mass. 1313 (1997). On November 12, 1999, the Supreme Court of Florida allowed the respondent's petition for disciplinary resignation, and granted him leave to seek readmis-

---

sion after five years.[1] The respondent did not report the discipline to the Board of Bar Overseers (board) or to bar counsel, as he was required to do by S.J.C. Rule 4:01, § 16 (6). After learning of the conviction and discipline in Florida, on November 23, 2011, bar counsel filed a notice of conviction and petition for reciprocal discipline in the county court. A single justice of this court suspended the respondent from the practice of law for three years, declining to apply the suspension retroactively to the date of his disciplinary resignation from the Florida bar.

*Discussion.* With or without an admission of misconduct, S.J.C. Rule 4:01, § 16, authorizes reciprocal discipline against an attorney who has voluntarily resigned "from the bar of another jurisdiction while disciplinary proceedings are pending against him." *Matter of Ngobeni*, 453 Mass. 233, 241 (2009). In determining the appropriate level of discipline to be imposed in Massachusetts, however, we look to Massachusetts law because "our task is not to replicate the sanction imposed in another jurisdiction but, rather, to mete out the sanction appropriate in this jurisdiction, 'even if that discipline exceeds, equals, or falls short of the discipline imposed in another jurisdiction.' " *Matter of Steinberg*, 448 Mass. 1024, 1025 (2007), quoting *Matter of Watt*, 430 Mass. 232, 234 (1999).[2] The starting premise is that discipline levied in a particular case "should not be markedly disparate from that imposed in similar cases." *Matter of Nickerson*, 422 Mass. 333, 335 (1996), citing *Matter of Alter*, 389 Mass. 153, 156 (1983).

When an attorney has been convicted of a felony, the usual disciplinary sanction is disbarment or indefinite suspension. *Matter of Finneran*, 455 Mass. 722, 730-731 (2010), and cases cited. This also is true for attorneys convicted of felonies involving controlled substances. See, e.g., *Matter of Horan*, 18 Mass. Att'y Discipline Rep. 323, 323-324 (2002) (indefinite suspension following convictions of distribution of heroin and conspiracy to violate G. L. c. 94C, § 40, including distribution from law office); *Matter of Testa*, 7 Mass. Att'y Discipline Rep. 288, 288-289 (1991) (indefinite suspension following convictions of possession and possession with intent to distribute cocaine); *Matter of Cohen*, 6 Mass. Att'y Discipline Rep. 57, 58-59 (1989) (where special mitigating factors present, indefinite suspension following convictions of possession of heroin with intent to distribute, including one attempt to deliver heroin to incarcerated client); *Matter of Weinstein*, 4 Mass. Att'y Discipline Rep. 152, 152-153 (1985) (where special mitigating factors present, indefinite suspension following conviction of possession of cocaine with intent to distribute); *Matter of DiPersia*, 4 Mass. Att'y Discipline Rep. 27, 27 (1985) (disbarment following convictions of conspiracy to possess and possession of more than 1,000 pounds of marijuana with intent to distribute).

---

[1] In the Florida petition, the respondent acknowledged his conviction and sentence and the pendency at that time of investigations by the Florida bar. Compare S.J.C. Rule 4:01, § 15 (c), as appearing in 425 Mass. 1319 (1997) (lawyer who is subject of investigation may submit affidavit stating desire to resign and acknowledging pendency of investigation and other matters).

[2] The single justice properly rejected bar counsel's suggestion that, in reciprocally disciplining the respondent, the single justice must impose the same type of discipline that was imposed by the Florida authorities. See *Matter of Steinberg*, 448 Mass. 1024, 1025 (2007) (in reciprocal discipline case, appropriate sanction determined with reference to Massachusetts law).

For the most part, attorneys who have received lesser sanctions have demonstrated the presence of special mitigating factors. *Matter of Concemi,* 422 Mass. 326, 330-331 (1996). There is, however, no evidence of cognizable "special mitigating factors" in this case.[3] *Id.* at 330 n.4, and cases cited. Contrast *Matter of Quirk,* 7 Mass. Att'y Discipline Rep. 241, 241-242 (1991) (where special mitigating circumstances present, single justice accepted board's recommendation of four-year suspension following convictions of cocaine possession and distribution to client); *Matter of Crowley,* 6 Mass. Att'y Discipline Rep. 75, 75-76 (1989) (where special mitigating circumstances present, single justice accepted joint recommendation of three year suspension following conviction of cocaine distribution). Further, we treat more harshly felonious misconduct that is associated with the practice of law than we do conduct occurring in other settings. See *Matter of Taylor,* 458 Mass. 1010, 1011 (2010); *Matter of Finneran, supra* at 733; *Matter of Nickerson, supra* at 337. In this case, the respondent's felonious conduct involved meeting with an incarcerated client, receiving a map from the client that disclosed the location of 145 kilograms of cocaine, and sending the map to another client. He was sentenced to a combined term of incarceration and probation of more than twelve years.[4] Considering both the fact and circumstances of the respondent's conviction, the context of his felonious conduct, and the absence of special mitigating circumstances, we are led inexorably to the conclusion that disbarment is the appropriate sanction.

*Conclusion.* We conclude that a three-year suspension is markedly disparate from what has been imposed in like circumstances, and that disbarment is appropriate. The order of the single justice is therefore vacated, and the matter is remanded to the county court, where a judgment of disbarment shall enter, effective as of the date of the single justice's order of term suspension.[5]

*So ordered.*

*John W. Marshall,* Assistant Bar Counsel.

*Sara Holden* for the respondent.

---

[3]Neither the delay in commencement of the Massachusetts disciplinary proceeding nor the respondent's claim that he voluntary abstained from the practice of law in Massachusetts following his Florida disciplinary resignation is a factor we consider in mitigation of the sanction. The delay was caused in considerable part by the respondent's own failure, in violation of S.J.C. Rule 4:01, § 12 (8), as appearing in 425 Mass. 1313 (1997), and S.J.C. Rule 4:01, § 16 (6), as appearing in 425 Mass. 1319 (1997), to report contemporaneously to the Massachusetts authorities his conviction and discipline in Florida.

[4]We acknowledge the respondent's representation that he completed his sentence in less than eight years.

[5]The single justice properly declined to make the disciplinary sanction retroactive to the date of the respondent's disciplinary resignation from the Florida bar. *Matter of Sheridan,* 449 Mass. 1005, 1008 (2007).