NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13258

IN THE MATTER OF KEVIN P. CORRELL.


April 29, 2024.


Attorney at Law, Reciprocal discipline, Suspension.
    Constitutional Law, Freedom of speech and press, Freedom of
    association.



On February 4, 2021, the United States Patent and Trademark Office (USPTO) suspended Kevin P. Correll from practice before the USPTO in patent, trademark, and other nonpatent matters for sixty months (five years) on the basis that Correll violated several of the USPTO's disciplinary rules.  The matter subsequently came before a single justice of this court on bar counsel's petition for reciprocal discipline.  The single justice suspended Correll from the practice of law in the Commonwealth for a period of three years, and Correll appeals. We affirm.[1,2]

    1.  Background.  In 2019, an administrative law judge determined that Correll had violated several sections of the

_____

    [1] We have reviewed the respondent's preliminary memorandum and appendix, as well as the record that was before the single justice.  Pursuant to S.J.C. Rule 2:23, 471 Mass. 1303 (2015), we dispense with further briefing and oral argument.

    [2] After the respondent's appeal was filed in this court, we remanded the matter to the single justice for an explanation of his decision to impose a three-year suspension.  The single justice subsequently issued a detailed memorandum setting forth the bases for his decision.

USPTO Code of Professional Responsibility -- 37 C.F.R. §§ 10.23(a), 10.23(b)(4), 10.23(b)(5), 10.23(c)(20), and 10.40(b)(2) -- and the USPTO Rules of Professional Responsibility -- 37 C.F.R. §§ 11.111, 11.116(a)(1), 11.505, and 11.804(d) -- by representing private parties before the USPTO while he was employed by the Federal government (as an electronics engineer for the United States Department of the Navy).[3]  The director of the USPTO subsequently affirmed the administrative law judge's decision in a final order issued in February 2021.[4]  Among other things, Correll, while a Federal government employee, "engage[d] . . . in conduct which is contrary to applicable Federal ethics law, including conflict of interest statutes and regulations of the department . . . currently employing said practitioner," in violation of 37 C.F.R. § 11.111; engaged in the unauthorized practice of law by practicing law "in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction," in violation of 37 C.F.R. § 11.505; and engaged in "conduct that is prejudicial to the administration of justice," in violation of 37 C.F.R. § 11.804(d).  The detailed facts of Correll's misconduct -- of his representation of private parties before the USPTO while he was a Federal government employee -- are set forth in the final order from the USPTO, as well as in two Federal court decisions, see note 4, supra, and need not be reiterated here.

2.  Discussion.  Under our bar disciplinary rules, a "final adjudication in another jurisdiction that a lawyer has been guilty of misconduct . . . may be treated as establishing the

---

[3] Prior to May 3, 2013, the United States Patent and Trademark Office (USPTO) Code of Professional Responsibility applied to persons practicing before that office.  Effective May 3, 2013, the USPTO Rules of Professional Conduct apply to persons practicing before that office.  The respondent engaged in misconduct that violated both the code and the rules.  See Correll vs. Vidal, U.S. Ct. App., No. 2022-1420, slip op. at 2 (Fed. Cir. July 8, 2022).

[4] Correll also filed, in the United States District Court for the Eastern District of Virginia, two motions in which he sought a preliminary injunction to postpone his suspension.  A judge in that court issued an order denying the motions, see Correll vs. Under Secretary of Commerce of Intellectual Prop., U.S. Dist. Ct., No. 21-898 (E.D. Va. Jan. 13, 2022), and the United States Court of Appeals for the Federal Circuit subsequently affirmed the order, see Correll vs. Vidal, U.S. Ct. App., No. 2022-1420 (Fed. Cir. July 8, 2022).

misconduct for purposes of a disciplinary proceeding in the Commonwealth."  S.J.C. Rule 4:01, § 16 (5), as appearing in 425 Mass. 1319 (1997).  Additionally, a judgment of suspension in another jurisdiction

> "shall be conclusive evidence of the misconduct unless the bar counsel or the respondent lawyer establishes, or the court concludes, that the procedure in the other jurisdiction did not provide reasonable notice or opportunity to be heard or there was significant infirmity of proof establishing the misconduct."

S.J.C. Rule 4:01, § 16 (3), as appearing in 425 Mass. 1319 (1997).  See Matter of Mitrano, 453 Mass. 1026, 1027 (2009), and cases cited.  In considering reciprocal discipline, "[w]e generally give effect to the disciplinary decisions of another jurisdiction without undertaking the often difficult and protracted task of redoing the inquiry which has already been concluded there."  Id., quoting Matter of Lebbos, 423 Mass. 753, 755 (1996), cert. denied, 520 U.S. 1275 (1997).  Our inquiry, therefore, is "generally limited to determining whether the attorney received a fair hearing at which sufficient evidence was presented to justify our taking reciprocal disciplinary action."  Matter of Mitrano, supra, quoting Matter of Bailey, 439 Mass. 134, 136 (2003).

Correll does not specifically argue that he did not receive a fair hearing or that the evidence was not sufficient to support the USPTO's decision of a term suspension of his license.  And, in any event, there is no indication in the record before us that he did not "receive[] a fair hearing at which sufficient evidence was presented to justify our taking reciprocal disciplinary action."  Matter of Steinberg, 448 Mass. 1024, 1025 (2007), quoting Matter of Bailey, 439 Mass. at 136.  Indeed, Correll does not deny that he engaged in the actions that led to a finding of misconduct.  That is, he does not deny that while he was employed by the Federal government, he represented private parties before the USPTO.  Instead, he argues, as he did before the USPTO and in the Federal courts, that the USPTO's suspension of his license violated his rights to freedom of speech and of association under the First Amendment to the United States Constitution; that the Federal conflict of interest statutes do not apply to his conduct; and that the USPTO violated his due process rights because it failed "to appreciate the differing statutes of limitations for trademark and patent matters."  Correll vs. Vidal, U.S. Ct. App., No. 2022-1420, slip op. at 6-10 (Fed. Cir.

July 8, 2022).  Each of these issues was squarely addressed by the USPTO, and by both the Federal district and circuit courts.

As to Correll's primary argument, in particular, that his suspension violates his First Amendment rights to free speech and association, it is true, as he argues, that he did not altogether give up his First Amendment rights when he became a Federal employee.  It is equally true, however, that the government may impose certain regulations on the speech of its employees without violating the First Amendment.  See Pickering v. Board of Educ., 391 U.S. 563, 568 (1968).  The challenge is to "arrive at a balance between the interests [of the employee] in commenting upon matters of public concern and the interest of the [government], as an employer, in promoting the efficiency of the public services it performs through its employees."  Id.  In this case, Correll argues that the USPTO, and, in turn, the Federal courts, erred in engaging in that balancing test.  Our role is, again, not to redo that inquiry, and it suffices to say that Correll was not disciplined -- his license was not suspended -- on the basis of the content of his speech, but rather on the basis that in representing private parties before the USPTO, he violated certain of the USPTO's disciplinary rules.  Moreover, as the District Court noted, "the only prohibition on [Correll's] speech was the speech [he] exercised when representing private clients in front of the USPTO.  [He] was free to speak on patent and trademark matters otherwise."  Correll vs. Under Secretary of Commerce of Intellectual Prop., U.S. Dist. Ct., No. 21-898 (E.D. Va. Jan. 13, 2022).

We turn now to the issue of the sanction imposed by the single justice, and whether the three-year suspension of Correll's license to practice law in the Commonwealth is "markedly disparate from that imposed in comparable cases." Matter of Steinberg, 448 Mass. at 1025, citing Matter of Kersey, 444 Mass. 65, 70 (2005).  "In reciprocal discipline cases . . . our task is not to replicate the sanction imposed in another jurisdiction but, rather, to mete out the sanction appropriate in this jurisdiction, 'even if that discipline exceeds, equals, or falls short of the discipline imposed in another jurisdiction.'"  Matter of Steinberg, supra, quoting Matter of Watt, 430 Mass. 232, 234 (1999).  Indeed, the three-year suspension imposed by the single justice "falls short" of the five-year suspension imposed by the USPTO.

This case presents a fairly unique fact pattern, but we can look to cases involving the same underlying misconduct -- i.e., practicing law in a jurisdiction in violation of the regulation

of the legal profession in that jurisdiction -- to assess the propriety of the three-year suspension.[5]  That is just what the single justice did in ordering the three-year suspension.  He "properly considered the facts establishing the respondent's" actions, see <u>Matter of Steinberg</u>, 448 Mass. at 1025, including the respondent's disregard for actual and potential conflicts of interest; his knowing and continuous failure to comply with the relevant rules; and the duration of his misconduct.  The single justice also properly took bar counsel's recommendation into consideration -- here, although the USPTO imposed a five-year suspension, bar counsel recommended only a three-year suspension -- and noted that a term suspension of five years, in Massachusetts, is quite rare.  Indeed, in matters resulting in an indefinite suspension, a respondent may seek reinstatement after five years.  See S.J.C. Rule 4:01, § 18 (2) (b), as appearing in 453 Mass. 1315 (2009).  With all of that in mind, the single justice reasonably imposed a sanction that was lesser than that imposed by the originating jurisdiction, here the USPTO.  The three-year suspension is warranted.

<u>Judgment affirmed</u>.


The case was submitted on the record, accompanied by a memorandum of law.
<u>Kevin P. Correll</u>, pro se.

---

[5] We note, in doing so, that Correll does not argue that the three-year suspension is markedly disparate; rather he continues to argue that the underlying disciplinary order from the USPTO was improper and that the petition for reciprocal discipline should be dismissed.