In the Matter of William C. Sheridan. May 25, 2007. *Attorney at Law,* Disciplinary proceeding, Reciprocal discipline, Suspension.

William C. Sheridan appeals from a judgment of a single justice of this

---

court suspending him from the practice of law for one year and one day. The case arose from a petition filed by the Office of the Bar Counsel (bar counsel) for reciprocal discipline, arising from disciplinary orders entered against Sheridan by the Supreme Court of New Hampshire. See S.J.C. Rule 4:01, § 16, as appearing in 425 Mass. 1319 (1997). We affirm.

1. *Background.* a. *New Hampshire disciplinary orders.* Sheridan, who is licensed to practice in both New Hampshire and Massachusetts, had been the subject of four disciplinary orders entered by the Supreme Court of New Hampshire. First, he was publicly censured in November, 1998, for having commingled clients' funds with his own, and for having allowed a civil matter to default. Second, he was publicly censured in September, 2001, because he mishandled a probate estate by repeatedly missing filing deadlines. Third, he was suspended for one year, in December, 2002, on the basis that he mishandled the incorporation of a Massachusetts business by failing to pay attention to schedules and details in the incorporation process, failing to keep his clients reasonably informed about the status of the matter, costing his clients approximately $5,000 in damages because of his incompetence, and failing to return the clients' file at the end of his representation. Fourth, he was suspended for six months, in March, 2006 (retroactive to the effective date of his December, 2002, suspension), because he assisted two individuals in preparing pro se pleadings while he was on a thirty-day administrative suspension for not having fulfilled certain continuing legal education requirements.

b. *Prior Massachusetts suspension.* In March, 2002, the single justice had suspended Sheridan for one year, pursuant to a petition filed by bar counsel for reciprocal discipline arising from a one-year suspension ordered by the United States Bankruptcy Court for the District of New Hampshire. See *Matter of Sheridan*, 18 Mass. Att'y Discipline Rep. 461 (2002). Sheridan did not appeal to the full court from the single justice's judgment, nor has he sought reinstatement to the bar in Massachusetts. He did, however, appeal from the underlying Bankruptcy Court decision to the United States Court of Appeals for the First Circuit. In March, 2004, that court vacated the judgment of the Bankruptcy Court, on subject matter jurisdiction grounds. See *In re Sheridan*, 362 F.3d 96, 112 (1st Cir. 2004).

c. *Instant petition for reciprocal discipline.* In March, 2006, bar counsel filed a petition in the county court seeking reciprocal discipline of Sheridan, based on the four disciplinary orders issued by the Supreme Court of New Hampshire, as well as the fact that Sheridan had failed to provide notice of any of those disciplinary matters to bar counsel or to the Board of Bar Overseers (board), as required by S.J.C. Rule 4:01, § 16 (6). The period of suspension bar counsel sought was one year and one day. See S.J.C. Rule 4:01, § 18 (2) (c), as appearing in 430 Mass. 1329 (2000).

In opposition, Sheridan did not deny that reciprocal discipline was warranted, or even that the appropriate sanction was a suspension of his license. Rather, he argued that the period of suspension should not exceed one year (and that three or six months would be more appropriate). In addition, he claimed that his suspension should be made retroactive to April 1, 2002, i.e., immediately after his March, 2002, suspension, because the basis of that earlier suspension (the Bankruptcy Court decision) had been vacated by the First Circuit in March, 2004. And in a separate motion filed in June, 2006, accompanying his reply to bar counsel's petition for reciprocal discipline, Sheridan — for the first time — requested that, in light of the First Circuit's decision, the March, 2002, order be vacated.

d. *Present Massachusetts suspension.* On June 20, 2006, the single justice ordered Sheridan suspended for one year and one day, as requested by bar counsel. The single justice declined to order that the suspension be made retroactive because Sheridan had delayed pointing out the First Circuit's decision for two years, and because Sheridan had failed to notify bar counsel or the board of his New Hampshire suspensions and censures.[1]

Thereafter, Sheridan filed a postjudgment motion alleging that the single justice had made a reference in his decision to the facts underlying the vacated Bankruptcy Court's suspension order (that Sheridan had missed various filing deadlines in assorted bankruptcy matters). The single justice issued an amended order and an amended memorandum of decision. In relevant part, he clarified that the facts underlying the Bankruptcy Court's decision played no part in his current decision to sanction Sheridan.

2. *Discussion.* On appeal, Sheridan claims that, in ordering him suspended, the single justice improperly relied on facts underlying the vacated Bankruptcy Court's order and asks that references to those facts in the single justice's decision be struck; that the suspension is disproportionately long, when compared with suspensions imposed on attorneys with similar records; and that the suspension should be made retroactive to April 1, 2002. We disagree.

First, the single justice made clear in his amended memorandum of decision that "[t]he sanction here is imposed only in connection with the four matters described in the instant petition for reciprocal discipline. [Sheridan] is not being sanctioned for any conduct underlying the NH Bankruptcy Court order of suspension (that was vacated by the First Circuit)." Accordingly, the single justice's passing reference to the facts underlying the Bankruptcy Court's suspension order is of no consequence, particularly where Sheridan "openly stipulate[d]" that he had filed matters in the Bankruptcy Court late.[2]

Second, Sheridan's suspension for one year and one day was appropriate. In deference to the procedures of other States, "we generally give effect to the disciplinary decisions of another jurisdiction without undertaking the often difficult and protracted task of redoing the inquiry which has already been concluded there." *Matter of Lebbos,* 423 Mass. 753, 755 (1996), cert. denied, 520 U.S. 1275 (1997). In December, 2002, the Supreme Court of New Hampshire suspended Sheridan for one year. This court "may impose the identical discipline" imposed by the other jurisdiction unless, among other considerations not relevant here, "the misconduct established does not justify

---

[1]The single justice did not rule on Sheridan's separate motion to vacate the March, 2002, judgment, but stated, "[E]ven if I were to vacate the earlier . . . order (based on the First Circuit decision), a retroactive sanction is not appropriate here because [Sheridan] admittedly failed to comply with S.J.C. Rule 4:01, § 16 (6), [as appearing in 425 Mass. 1319 (1997),] which obligated him to" notify bar counsel and the board of his suspensions and censures by the Supreme Court of New Hampshire. See note 2, *infra.*

[2]Although a ruling on Sheridan's motion to vacate the March, 2002, judgment of suspension was not necessary for purposes of this case, as even a ruling vacating that judgment would not have changed the result here, bar counsel suggests that a ruling on the motion might be relevant if, in the future, Sheridan were to seek reinstatement. To the extent there is any ambiguity in the record, that motion is not before us, and no doubt the single justice will, in due course, rule on the motion in the context of the earlier bar discipline case from which the March, 2002, judgment arose. We express no view on the merits of the motion.

the same discipline in this Commonwealth." S.J.C. Rule 4:01, § 16 (3). Here, suspending Sheridan for one year and one day was not "markedly disparate from that ordered in comparable cases." *Matter of Kersey*, 444 Mass. 65, 70 (2005). Sheridan engaged in a pattern of neglect in handling client matters over several years, as set forth in detail above, and failed to notify bar counsel or the board of his prior discipline in New Hampshire. See *Matter of Steinberg*, 448 Mass. 1024, 1025 (2007) (reciprocal suspension of one year and one day appropriate where lawyer neglected client matters, rendered incompetent representation, had substantial disciplinary history, and failed to comply with earlier Massachusetts order of suspension, and where there was absence of substantial mitigating factors). See also *Matter of Saab*, 406 Mass. 315, 325-328 (1989) (eighteen-month suspension justified based on cumulative and persistent professional transgressions); *Matter of Walsh*, 6 Mass. Att'y Discipline Rep. 322 (1990) (one-year suspension for history of misconduct, including misleading client about status of case; failing to enter appearance in a case; negotiating divorce settlement without first filing complaint; practicing law while suspended for failing to register with board; and failing to cooperate with board during investigation). And, while Sheridan makes vague references to mental problems that he suffered in the past, he fails to substantiate his claim that mitigating circumstances warrant a suspension of less than one year and one day.

Finally, the single justice properly declined to make Sheridan's suspension retroactive because Sheridan, in violation of S.J.C. Rule 4:01, § 16 (6), failed to notify bar counsel or the board of any of the disciplinary orders entered against him by the Supreme Court of New Hampshire. See *Matter of Mangan*, 14 Mass. Att'y Discipline Rep. 454, 455 (1998) (no retroactivity where lawyer failed to notify bar counsel of suspension in Maine); *Matter of Luongo*, 14 Mass. Att'y Discipline Rep. 440, 441 (1998) (no retroactivity where lawyer failed to notify bar counsel in accordance with disciplinary rules). In sum, the single justice's order reciprocally suspending Sheridan for one year and one day was appropriate.

*Judgment affirmed.*

*William C. Sheridan*, pro se.

*Nancy E. Kaufman*, Assistant Bar Counsel.