**IN THE MATTER OF THE PETITION OF THE VIRGIN ISLANDS BAR ASSOCATION (INTEGRATED) FOR THE SUSPENSION OF NON-PAYING MEMBERS — V.I. BAR NO. 414, DAVID W. IVERSON**

S. Ct. Civil No. 2013-0117

Supreme Court of the Virgin Islands

February 12, 2014

SHARI N. D'ANDRADE, ESQ., St. Thomas, USVI, *Attorney for Petitioner*.

DAVID W. IVERSON, ESQ., Miami, Florida, *Pro se*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(February 12, 2014)

PER CURIAM. The Virgin Islands Bar Association filed a petition with this Court seeking the suspension of David W. Iverson, Esq., for non-payment of membership dues. During the course of this proceeding, this Court discovered that Iverson had been suspended from the practice of law by the Supreme Court of Florida and the United States Department of Justice's Executive Office for Immigration Review, and failed to disclose either suspension to this Court. For the reasons that follow, we impose reciprocal discipline in the form of a six-month suspension.

## I. BACKGROUND

On November 21, 2013, the Bar Association, through its Treasurer, filed a motion to suspend Iverson, an inactive member of the Virgin Islands Bar, for his failure to pay dues for 2013 membership year. This Court, in a November 26, 2013 Order, directed Iverson to provide a written answer, no later than December 30, 2013, explaining why this Court should not grant the petition.

Iverson conventionally filed[1] an untimely response to the November 26, 2013 Order on January 8, 2014. In his response, Iverson first alleged that the Bar Association had mailed its invoice and other materials to an outdated address. However, Iverson also used his response as a vehicle to raise other issues unrelated to his payment of membership dues:

> 3. Undersigned has had problems with the V.I. Bar for approximately 20 years in receiving correspondence at his correct address.
>
> 4. This issue was last addressed with the V.I. Bar in 2012 at which time the V.I. Bar had incorrectly posted on its website that applicant had been suspended from practice.

---

[1] Pursuant to court rule, all members of the Virgin Islands Bar, including those electing to proceed *pro se*, are required to electronically file documents with this Court. *See* V.I.S.CT.R. 40.2(a).

7. This issue of incorrectly posting that applicant had been suspended caused undersigned harm in that the disciplinary section of the Department of Justice Executive Office for Immigration Review stated that due to such suspension undersigned could not practice before such agency and applicant's practice is based solely on immigration law.

(Resp. 1.)

In investigating these serious allegations against the Bar Association,[2] this Court discovered, based on the information in Iverson's filing, the Executive Office for Immigration Review's 2012 suspension order. However, contrary to Iverson's claim that the Executive Office had mistakenly suspended him due to a supposed error on the Bar Association's website, the suspension order revealed that Iverson had consented to a 90-day suspension as reciprocal discipline for ethical misconduct found by the Supreme Court of Florida. *See In re Iverson*, No. D2012-193, slip op. at 1-2 (BIA Sept. 11, 2012). In that decision, the Florida Supreme Court had accepted a consent judgment for discipline entered into between Iverson and the Florida Bar, in which Iverson agreed to a 90-day suspension followed by one year of probation. The *Florida Bar v. Iverson*, 91 So. 3d 134 (Fla. 2012) (unpublished). Although neither decision expressly identified the specific misconduct to which Iverson admitted, a summary of decision released by the Florida Bar explained that "Iverson associated himself with an accounting consulting firm that assisted a client with immigration matters without adequate supervision by Iverson."[3]

This Court, in a January 9, 2014 Order, took judicial notice of both suspension orders, and further observed that Supreme Court Rule 203 mandates that "[a]ny attorney admitted to practice before this court shall, upon being subjected to public discipline by any other court . . . promptly inform the clerk of this court of such action" so that this Court may

---

[2] On one prior occasion, this Court had required the Bar Association to show cause as to why it should not be held in contempt for failure to ensure the accuracy of its online membership directory. *See In re Suspension of McIntosh*, S. Ct. Civ. Nos. 2012-0013, 0025, 2013 V.I. Supreme LEXIS 11, at *14 (V.I. Mar. 14, 2013) (unpublished).

[3] *See* The Florida Bar, *Supreme Court Disciplines 22 Attorneys* (July 31, 2012), http://perma.cc/39UR-37HY.

consider whether to impose reciprocal discipline. V.I.S.Ct.R. 203(c)(1). Consequently, this Court directed Iverson to show cause, in writing before February 10, 2014, as to why this Court (1) should not impose reciprocal discipline, and (2) should not, in addition to any reciprocal discipline ultimately imposed, order additional sanctions for failure to promptly notify the Clerk of this Court of the suspension orders in accordance with Rule 203.

On January 29, 2014, Iverson conventionally filed a letter, addressed to the Clerk of this Court, stating that he received an order from this Court but "do[es] not want any problems about an actual suspension" and was therefore "paying the amount [the Bar Association] says [he] owe[s] under protest." (Ltr. 1.) The Treasurer of the Bar Association also verified with this Court that Iverson paid all outstanding membership dues, interest, and late fees. Although the February 10, 2014 deadline to respond to this Court's January 9, 2014 Order has lapsed, Iverson has not filed any documents with this Court addressing the reciprocal discipline issue.

## II. JURISDICTION

■ As the highest court of the Virgin Islands, this Court possesses both the statutory and inherent authority to regulate the practice of law in the Virgin Islands. 4 V.I.C. § 32(e); *In re Rogers*, 56 V.I. 618, 623 (V.I. 2012). This authority encompasses the power to discipline attorneys, both for ethical misconduct, *see In re Suspension of Adams*, 58 V.I. 356, 361 (V.I. 2013), as well as for administrative transgressions such as a failure to pay membership dues to the Virgin Islands Bar Association. *See In re Suspension of Parson*, 58 V.I. 208, 212 (V.I. 2013).

## III. DISCUSSION

■ Ordinarily, when considering a claim that a member of the Virgin Islands Bar has committed ethical misconduct, "we exercise independent judgment with respect to both findings of fact and conclusions of law on all issues." *In re Disbarment of Rogers*, 60 V.I. 295, 303 (V.I. 2013) (quoting *V.I. Bar v. Brusch*, 49 V.I. 409, 411-12 (V.I. 2008)). We apply a different standard, however, in cases where the highest court of another state or territory has already held that an attorney has committed ethical misconduct in that jurisdiction. Supreme Court Rule 203, which governs

reciprocal discipline, provides that when another court has publicly disciplined an attorney,

> this court shall impose the identical discipline unless the respondent-attorney demonstrates, or this court finds, that upon the surface of the record upon which the discipline in another jurisdiction is predicated it clearly appears:

>> A. that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

>> B. that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion on that subject; or

>> C. that the imposition of the same discipline by this court would result in grave injustice; or

>> D. that the misconduct established is deemed by this court to warrant substantially different discipline.

V.I.S.Ct.R. 203(c)(4). If any of these elements exist, this Court may fashion an alternate order, as appropriate. However, "[i]n all other respects, a final adjudication in another court that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this court." V.I.S.Ct.R. 203(c)(5).

In this case, despite receiving 30 days to show cause as to why this Court should not impose reciprocal discipline, *see* V.I.S.Ct.R. 203(c)(2)(B), and, based on his January 29, 2014 letter, despite having actually received the January 9, 2014 Order, Iverson has elected to simply not respond. Under these circumstances, we presume that a 90-day suspension, followed by a one-year period of probation, represents the appropriate reciprocal sanction for his Florida misconduct. V.I.S.Ct.R. 203(c)(5).

Nevertheless, as noted earlier, our January 9, 2014 Order did not simply require Iverson to show cause as to why we should not impose reciprocal discipline, but also to explain why we should not impose an additional sanction for his failure to promptly notify the Clerk of the Court of either suspension order. Although instances of additional ethical misconduct are typically adjudicated as new disciplinary matters, when

that misconduct involves the failure to notify a court of public discipline imposed by another jurisdiction in a timely manner or to respond to a reciprocal discipline show cause order, a court is authorized to order an increased sanction as part of the reciprocal discipline proceeding. *See, e.g., In re Chambers*, 19 Vet. App. 84, 84 (Vet. App. 2005) (imposing disbarment, rather than one-year suspension, as reciprocal discipline when attorney failed to notify court of suspension and disbarment in state court and failed to respond to show cause order); *In re Sheridan*, 449 Mass. 1005, 867 N.E.2d 297, 298-300 (2007) (increasing reciprocal sanction to suspension for one year and one day based, in part, on failure to notify Massachusetts of New Hampshire discipline); *Attorney Grievance Comm'n of Md. v. Midlen*, 395 Md. 628, 911 A.2d 852, 866-67 (2006) (noting that, absent disciplinary counsel's recommendation for leniency, court would have considered more severe sanction as reciprocal discipline when respondent failed to notify Maryland of public discipline ordered by District of Columbia); *In re Dobson*, 653 A.2d 871, 872 (D.C. 1995) (imposing two-year suspension as reciprocal discipline rather than six-month suspension ordered by Minnesota when respondent, among other things, failed to notify District of Columbia of Minnesota discipline and failed to respond to reciprocal discipline show cause order).

In this case, Iverson not only failed to promptly notify this Court of the public discipline imposed upon him by the Supreme Court of Florida and the Executive Office for Immigration Review, but, in his January 8, 2014 filing, dishonestly attributed his suspension by the Executive Office to a defect in the Virgin Islands Bar Association's membership directory. Moreover, when this Court, through its January 9, 2014 Order, brought these matters to Iverson's attention, Iverson failed to respond to the substance of this Court's concerns, instead agreeing to pay all outstanding membership dues to the Bar Association "under protest" and requesting that this Court simply dismiss this matter. Under these circumstances, we conclude that a six-month suspension represents the appropriate reciprocal discipline.

## IV. CONCLUSION

For the foregoing reasons, we dismiss the petition to suspend Iverson for non-payment of dues as moot, but suspend Iverson as a member of the Virgin Islands Bar for six-months. Because the period of suspension exceeds three months, Iverson may not transfer to active status or

otherwise resume the practice of law in the Virgin Islands until he files, and this Court grants, a petition for his reinstatement in accordance with Supreme Court Rule 203(h).